Opinion approved by the Court.

---

### F. M. VOGLER, Appellant,

### v.

### Carl M. EDDINS, Appellee.

### No. 5164.

Court of Civil Appeals of Texas.

El Paso.

May 9, 1956.

Rehearing Denied May 29, 1956.

Walker F. Means, Pecos, for appellant.

Henry Russell, Pecos, for appellee.

FRASER, Justice.

Appellant filed a suit seeking equitable relief in the nature of a bill of review to set aside a judgment foreclosing a chattel mortgage and landlord's lien obtained in cause No. 5171 in the District Court of Reeves County, Texas, by appellee. At a pre-trial conference the trial court denied appellant's motion to amend his original petition, and dismissed such petition, and from such action appellant has appealed.

Appellant alleged that the judgment which he seeks to attack resulted through accident and mistake, without any negligence on his part, and that he had no knowledge of such suit and judgment. Appellee had brought suit against appellant to foreclose a landlord's lien which he claimed arose from appellant's failure to pay rental on premises used as an eating

place, and a small chattel mortgage lien. The chattel mortgage was apparently purchased from the bank. Appellant urged that he had had a meritorious defense to the foreclosure by virtue of an offset, or counterclaim, for improvements completed by him, and for which he claimed not to have been paid, and that appellee was obligated to pay for same.

Appellant maintains in his brief that the judgment taken against him was by accident and mistake, but did not result from any fraud by anybody. He stated that in September of 1954, at around 10:30 A.M., a person whom he believed was employed by the Sheriff's Department handed him a paper. This paper was later identified as a citation, with a copy of the petition attached. Appellant says that he then called an attorney in Pecos, who said he would look at the papers for him. He says this attorney then told him "This is a landlord's lien, and I will attend to it for you." He states that the attorney told him on a later date again that he would attend to it. The record shows that suit was filed in September, 1954, and judgment was taken January 17, 1955, and the property sold at judicial sale in March of 1955. Plaintiff asserts that he did not know that he was being sued, that judgment had been taken, or that his property was being sold, until an agent of the U. S. Revenue department so informed him in March. He stated that he was busy in his cafe when the papers were received by him, but that although he could read and write in the English language he did not make any attempt to read or understand the document. He further stated that he tried to secure a different lawyer in March, 1955, but did not secure counsel until June of that year. He alleges that the entire lawsuit was unknown to him, but does not charge anybody with fraud or deceit.

The attorney testified that he had examined the papers and told appellant what they meant; that he had conferred with the attorneys of appellee and had even stipulated with them that they might have the injunction they prayed for if they would permit appellant to stay open; further that he filed an answer in said lawsuit for appellant, but repeatedly told appellant and attorneys for appellee that he had no real defense; that he had known the judgment was to be taken and that he believed he had approved it as to form (examination of the record verifies that appellant's attorney did approve judgment as to form); that he repeatedly told appellant he was going to have to do something after the judgment had been taken or his property would be sold; that he conferred with the local banker to see if appellant could be refinanced but was not successful; that he gave appellant the names of several different people to whom he might apply for a loan; that a Mr. Baskin appeared some time in 1955 and told him he had received fifty dollars from appellant, and that he then gave appellant's file to this Mr. Baskin.

Appellant also alleges fraud in the actual sale in that appellee bid only $2,000 on the property at the sale, when it was easily worth $10,000. The attorney testified that he had warned him that he should be at the sale and in position to bid or have somebody bid for him.

One of the attorneys for appellee testified that he and his assistant had conferred on several occasions with the attorney to whom appellant had delivered the original citation. Appellant maintains that he had never retained or hired that attorney, and that that attorney did not represent him.

■ Appellant's first point states that the trial court erred in denying appellant's application to amend his original petition. We do not find any merit in this point; as the proposed amendment merely sets up the fact that he was handed this citation by someone he believed connected with the Sheriff's office, but that he was busy and short-handed and did not have time to examine the paper and that he called the attorney who inspected it and told him it was a landlord's lien and he would take care

of it. We do not see how this amendment would have bettered appellant's position, as the facts, if taken as true, merely established that he was legally served by citation from a court of competent jurisdiction, and does not offer any good legal reason that would better his position or explain why he was harmed in any way, or the processes of law violated. We therefore must overrule this point, as the action of the trial judge appears to have been correct.

Appellant's second point asserts that the trial court erred in deciding disputed issues of fact relating to the merits of the case, at a pre-trial conference. We cannot find any merit in this point as there does not seem to be any dispute as to any material fact. The dispute claimed by appellant was between him and the attorney to whom he handed the citation, but if we were to take appellant's position at full face value, to wit, that he had been told not to worry about the matter, that it was only a landlord's lien and that the attorney would attend to it, he still has not presented any valid reason for overturning the judgment, which shows on its face that it was rendered by a court of competent jurisdiction after service on appellant and answer filed. It must not be overlooked at this point that appellant charges only accident and mistake. However, the processes of the courts cannot be neglected or ignored as the processes of justice would never be regular or efficient. There was, therefore, no dispute of any material fact that would have or could have changed the result, and this point is therefore overruled.

Appellant's third point charges error in dismissing his petition, because he states that it did contain a cause of action. This matter has been covered in the disposition of the preceding point, and the appellant again in his argument on this point makes it clear that he does not allege any fraud. We are familiar with the rule that the petition must be carefully considered and liberally construed when the matter is raised as it is here, but we cannot find any cause of action contained within said petition or the offered amendment.

With regard to the amount bid by appellee, there is no suggestion that the sale was secret or irregular, and appellee had the right to bid any sum he wished.

In conclusion, we cannot find where appellant has pled any cause of action sufficient to justify setting aside the judgment and sale in the original proceeding. He does not charge fraud, and admits having been served. The judgment appears regular and sufficient on its face to show the elements necessary to its validity. The matters pled by the appellant are not sufficient to justify the setting aside of such judgment, and the trial court was correct in the ruling.

Appellant's points are therefore overruled, and the decision of the trial court affirmed.