Ben H. ROSENTHAL, Jr., Appellant,

v.

Jerald L. BLUM, Appellee.

No. 5454.

Court of Civil Appeals of Texas,
Waco.

Oct. 16, 1975.

Rehearing Denied Nov. 6, 1975.

Fanning & Harper, Dallas, for appellant.

Thompson, Knight, Simmons & Bullion (Gregory S. C. Huffman), Dallas, for appellee.

HALL, Justice.

The plaintiff alleged in detail that because of a negligent diagnosis of his physical condition by the defendant, his treating physician, he was induced to settle a personal injury claim for substantially less than his true damages. Special exceptions to the plaintiff's petition to the effect that it failed to state a cause that is actionable in Texas and failed to allege a proper measure of damages were sustained, and the plaintiff refused to amend. His suit was dismissed. We reverse and remand.

The pertinent parts of the plaintiff's pleadings provide as follows:

## II.

"The Defendant is, and at all times mentioned in Plaintiff's petition was, a duly and regularly licensed physician and surgeon under the laws of the State of Texas.

## III.

"Plaintiff would show that in 1962 Plaintiff was involved in an automobile collision, which resulted in injuries to his cervical spine and for which he was treated by Dr. Blum, and from which he apparently recovered, and had been periodically treated by Dr. Blum up until 1969. That on the 18th day of November, 1969, Plaintiff was involved in another collision which caused injuries to his cervical spine and discomfort and aching in the neck and shoulders and with his thumbs and other portions of the body. That the Defendant examined Plaintiff and diagnosed muscle tightness in the upper right and left trapezius muscles with some limitation of motion due to the discomfort in the cervical spine. A few days later Plaintiff telephoned Defendant and told Defendant that a representative of the insurance carrier of the car with which he had had the collision was attempting to negotiate a settlement and he inquired of the Defendant as to whether or not this would be a proper time to make a settlement. The Defendant stated to the Plaintiff that his injury was substantially the same as he had received before and that he could expect that he would make complete recovery from it and that therefore it would be a good idea to go ahead and settle. Based on this representation by Defendant, Plaintiff did go ahead and settle with the insurance carrier for the other vehicle.

## IV.

"Plaintiff would show that Defendant was negligent in giving the advice which he did, which negligence was a proximate cause of the damages sustained by Plaintiff in each and all of the following particulars:

A. He failed to adequately examine Plaintiff to determine the true nature and extent of his injuries.

B. He failed to allow a proper period of time to elapse so that the full extent of Plaintiff's injuries could be ascertained.

C. He failed to seek consultation to aid in determining the nature and extent of Plaintiff's injury.

Each and all of the above acts of omission and commission were negligence and either singly or collectively were a proximate cause of the damages sustained by Plaintiff.

## V.

"Plaintiff would show unto the Court that shortly after he settled with the insurance carrier which covered the other car his condition began to deteriorate and it has continued to deteriorate further and further. Plaintiff would show that he has been hospitalized and has had several surgeries and is still receiving treatment in an effort to alleviate his condition and effectuate a recovery. Plaintiff has been unable to sleep or rest adequately and he will continue to do so in the future. He has suffered extreme excessive and unendurable physical pain and mental suffering and he will continue to suffer such pain and suffering in the future. Plaintiff would also show that he has lost approximately $2,500.00 per month from his business because of his injuries and that he will continue to lose time from his business in the future due to his injuries. Because of the extreme physical pain and suffering he has endured, Plaintiff has been damaged in at least the sum of $100,000.00 and because of the work he has lost and will lose in the future, he has also been damaged in the sum of $100,000.00. Plaintiff would further show that he has incurred medical and hospital bills as a result of his injury in the amount of $41,-621.68 and he will continue to expend mo-

nies for hospital and doctor bills in the sum of at least $20,000.00.

## VI.

"Plaintiff would show the Court that had Defendant not negligently advised him that it was all right for him to settle his case, he would not have settled his case until the true nature and extent of his injury was known. When the true nature and extent of his injury was known, he could have settled, collecting his true damages as pled herein from the driver of the vehicle with which he was involved in an accident. For this reason Plaintiff states that he is entitled to recover from the Defendant the damages he would have recovered from the third party with which he was involved in a collision.

"WHEREFORE, Plaintiff prays upon final hearing hereof he have judgment of and from Defendant in the sum of $261,621.68 plus interest thereon from date of judgment, costs of court and for judgment for such other and further relief, both general and special to which he may be justly entitled.

In passing upon special exceptions to the effect that the plaintiff has failed to plead a cause of action, the courts will consider the whole petition and will assume that every fact alleged therein is true. *Yoakum County v. Gaines County,* 139 Tex. 442, 163 S.W.2d 393, 394 (1942); *Vogler v. Eddins,* (Tex.Civ.App.—El Paso, 1956, writ ref.) 292 S.W.2d 346, 348; *Geo. D. Barnard Company v. Lane,* (Tex.Civ.App.—Dallas, 1965, no writ hist.) 392 S.W.2d 769, 771. When this is done here we find that the plaintiff has pleaded that the treating defendant-physician negligently diagnosed the physical condition of the plaintiff-patient and misrepresented the extent of the plaintiff's injuries to him, although knowing that the plaintiff was relying upon the diagnosis for settlement purposes, and thereby caused the plaintiff to settle his claim for damages for a much lesser sum than he would have settled for if he had known the true extent of his injuries. The plaintiff contends that he has stated a cause of action commonly known as "negligent misrepresentation".

Most jurisdictions, and particularly the more modern decisions, have recognized a cause of action on negligent misrepresentation. 37 Am.Jur.2d 277, Fraud And Deceit, § 209. 32 A.L.R.2d 232. It constitutes a specie of remedial fraud in Texas. *Shatterproof Glass Corporation v. James,* (Tex. Civ.App.—Fort Worth, 1971, writ ref. n.r.e.) 466 S.W.2d 873, 879; *Cameron v. First Nat. Bank,* (Tex.Civ.App.—Galveston, 1917, writ ref.) 194 S.W. 469, 476; *Durham v. Wichita Mill & Elevator Co.,* (Tex.Civ.App.—Fort Worth, 1918, writ ref.) 202 S.W. 138, 140. Cf. *American Indemnity Co. v. Ernst & Ernst,* (Tex.Civ.App.—Waco, 1937, writ ref.) 106 S.W.2d 763. Its elements are set forth in Tentative Draft No. 12, Restatement of Torts (2nd ed., 1966), § 552, under Topic 3 of that work, as follows:

"Topic 3. Negligent Misrepresentations.

"§ 552. Information Negligently Supplied For The Guidance Of Others.

"(1) One who, in the course of his business, profession or employment, or in a transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

(2) Except as stated in subsection (3), the liability stated in subsection (1) is limited to loss suffered

(a) By the person or one of the persons for whose benefit and guidance he intends to supply the information, or knows that the recipient intends to supply it: and

(b) Through reliance upon it in a transaction which he intends the informa-

tion to influence, or knows that the recipient so intends, or in a substantially similar transaction.

(3) The liability of one who is under a public duty to give the information extends to loss suffered by any of the class of persons for whose benefit the duty is created, in any of the transactions in which it is intended to protect them."

Of course, scienter is not an element, and need not be pleaded. *Seale v. Baker,* 70 Tex. 283, 7 S.W. 742, 746 (1888).

Cases annotated under § 552 in the Tentative Draft show that the rule of negligent representations has been applied as to abstractors of title, accountants (as in *Shatterproof Glass Corporation v. James,* ante), surveyors, inspectors of goods, and others.

■ Applying § 552 to our case, the plaintiff's pleadings, assumed to be true, show that the defendant, in the course of his profession, supplied false information to the plaintiff for the plaintiff's guidance in his business transaction; that the defendant failed to exercise reasonable care in several particulars in the gathering of the information; that the plaintiff relied on the information in a transaction the defendant intended it to influence; and that the plaintiff thereby suffered pecuniary loss. These pleadings state a cause of action on negligent representation.

■ We interpret the plaintiff's petition as pleading for damages he failed to collect in the settlement because of the defendant's negligent misrepresentation. This is the proper measure of damages.

The order of dismissal is set aside. This case is remanded for trial.