■ PEARL-WICK CORPORATION, Respondent, v CHASE MANHATTAN BANK, N. A., Appellant.—Order of the Supreme Court, New York County (David H. Edwards, Jr., J.), entered

October 7, 1985, which denied defendant Chase Manhattan Bank's motion for summary judgment dismissing the complaint, is unanimously reversed, on the law, and defendant's motion for summary judgment granted, with costs.

In 1977, Pearl-Wick Corporation entered into a series of loan transactions with defendant Chase Manhattan Bank, N. A. (Chase) and the United States Economic Development Administration (EDA). The loan from Chase was secured by first mortgages on real estate owned by Pearl-Wick, a first lien on the machinery, equipment, inventories and office furniture at those premises and a first lien on Pearl-Wick's accounts receivable. As additional security, Pearl-Wick arranged for the issuance to Chase of an insurance policy on the Chase loan to insure that in the event of a default by Pearl-Wick and where the value of the primary collateral had decreased below the amortized principal schedule of the term loan, the insurance company would be obligated to pay Chase the difference. In the event of any payment, the insurance company was to be subrogated to Chase's rights against Pearl-Wick. As security for its $2,700,000 financing package, the EDA was given a subordinate interest in all of the collateral liened to Chase.

Pearl-Wick soon became unable to meet its obligations to Chase and the EDA. On or about July 13, 1978, Pearl-Wick signed a letter, prepared by Chase, acknowledging default and delivering peaceful possession of its inventory, equipment and fixtures to Chase. Shortly thereafter, Chase and the EDA arranged for the orderly liquidation of the secured property and the foreclosure and sale of the mortgaged property. David Strauss & Co. was hired to handle the liquidation and foreclosure sale. The foreclosure action was ultimately removed to Federal court, requiring that the sale of the premises be conducted by a court-appointed Referee. A dispute with Strauss, over whether he was entitled to a commission, was settled for $30,837.50, which amount was added to Pearl-Wick's debt as a liquidation expense.

By the end of 1980, after all of Pearl-Wick's liened property had been sold, Chase was paid in full, while the EDA debt was only partially reduced.

On October 4, 1984, more than six years after Chase had taken peaceful possession of the property, Pearl-Wick commenced the within action. Its complaint asserted four causes of action: commercial unreasonableness, economic duress, improper liquidation expenses and fraud. By notice of motion dated February 20, 1985, Chase moved for summary judgment

on the grounds of Statute of Limitations, failure to state a cause of action, laches and collateral estoppel. The motion was denied.

The court below erred in denying defendant's motion, since the first, second and fourth causes of action are barred by the Statute of Limitations and the third cause of action fails to assert a valid claim. The first cause of action, alleging that Chase acted in a commercially unreasonable manner in choosing to auction the corporation's assets and foreclosing on the mortgages, rather than asserting a claim for payment under the insurance policy, is a claim sounding in contract, governed by the six-year Statute of Limitations. *(Video Corp. v Flatto Assoc.,* 58 NY2d 1026, 1028; CPLR 213 [2].) Pursuant to CPLR 203 (a), this six-year period is to be computed from the time the cause of action accrued, which in this case was July 13, 1978, when Chase received possession of the collateral. The complaint, however, was not filed within the six-year period.

Additionally, the cause of action fails to state a valid claim. Pursuant to the security agreement between the parties, Chase was given "sole discretion" in choosing which remedies it would pursue with respect to satisfying Pearl-Wick's debts. Moreover, the purpose of the insurance policy was to cover Chase for the amortized principal amount of the loan in the event the proceeds from the sale of the primary collateral fell short of that amount. Since the insurer would, in any case, become subrogated to Chase's rights for any payments the insurer would have to make under the policy, Pearl-Wick cannot demonstrate any harm as a result of Chase's actions.

The second cause of action, alleging duress in signing the letter agreeing to surrender the collateral peacefully, besides not being supported by adequate facts, is also time barred by the six-year Statute of Limitations. (CPLR 213 [1].) This cause of action also accrued on July 13, 1978, the date the letter was signed, and was not commenced until more than six years later.

The third cause of action seeks damages of $30,837.50, the amount paid to settle the dispute with Strauss, which Pearl-Wick alleges was an improper liquidation expense. The only party arguably aggrieved by this liquidation expense was the EDA, whose debt was not fully repaid, because it reduced the amount available from the sale of the collateral to be used to satisfy the debts. Pearl-Wick has, therefore, not satisfactorily stated how it was damaged and, accordingly, fails to state a cause of action.

The fourth cause of action, alleging that Chase made false representations to Pearl-Wick to induce it to enter into the July 13, 1978 letter, is also time barred. Assuming, arguendo, that false representations were made to induce Pearl-Wick to sign the July 13, 1978 letter, they must have been made prior to or on the date of the letter. The signing of the letter, however, occurred more than six years before the action was commenced, and this cause of action is, accordingly, time barred. (CPLR 213 [8].) Even if we were to credit Pearl-Wick's claim that it did not discover the fraud until February 9, 1981, the action would have had to have been commenced within two years of that date. (CPLR 203 [f].) This action was not commenced, however, until 1984. Accordingly, defendant Chase's motion for summary judgment dismissing the complaint should be granted. Concur—Sandler, J. P., Carro, Asch and Milonas, JJ.