*937 OPINION OF THE COURT
Alan J. Saks, J.
Defendant Peat, Marwick, Mitchell & Co. (Peat) moves to dismiss the entire action on grounds that it is time barred and also moves to dismiss the component causes of action on other grounds as well.
The factual allegations of the amended complaint are: in September 1980 plaintiffs Fidelity and Deposit Company of Maryland (Fidelity) and Fireman’s Fund Insurance Company (Fireman’s), as cosureties, renewed a fidelity bond in which they agreed to indemnify Allied Bancshares, Inc. (Bancshares) and its subsidiary Allied Bank of Texas (Allied) against losses caused by the dishonesty of their employees, including losses already incurred, albeit undiscovered. In January 1981 Allied learned it had sustained losses in excess of $18 million as a result of a fraud perpetrated by its senior vice-president, W. Darrell Wiggins, from 1971 to 1980. Defendant Peat, a nationwide firm of certified public accountants, had been engaged by Bancshares for a substantial portion of said time.
Three causes of action are alleged: (1) the failure to detect Wiggins’ fraud earlier was caused by Peat’s negligence; (2) Peat breached its contract with Allied by failing to discharge its duties in accordance with accepted professional standards; and (3) as a result of the documents negligently prepared by Peat, plaintiffs were induced to remain as sureties for Allied on the bond and would not have done so had they known the true facts. The first two causes of action were brought by plaintiffs as alleged assignees of Allied; the third cause of action in their own right.
Peat contends that: (1) the entire action is time barred; (2) the "assignment” of the first two causes of action violates section 489 of the Judiciary Law; (3) the second cause of action is not pleaded with the particularity required by CPLR 3013; and (4) plaintiffs lack standing to assert the third cause of action.
Both sides agree that Texas law governs the Statute of Limitations issue. Plaintiffs contend that the action is not time barred because: (1) Allied’s claims against Peat did not accrue until it was injured by being forced to make payments to third parties defrauded by Wiggins; and (2) plaintiffs’ action sounds in what is known in Texas as "remedial fraud”, not common-law negligence. Plaintiffs aver that the Statute of Limitations for remedial fraud does not commence to run *938 until a plaintiff either discovers, or acquires the knowledge necessary to discover the fraud. Under that theory, they aver that the period of limitation commenced running in January 1981. The parties have stipulated that, for Statute of Limitations purposes, this action is deemed to have been commenced November 11, 1982.
The Texas courts have held that a complaint by one not in privity of contract seeking damages for the alleged negligent performance of professional services by an accountant is an action sounding in tort, regardless of how the complaint is framed. (See, Shatterproof Glass Corp. v James, 466 SW2d 873 [Tex Civ App 1971]; American Indem. Co. v Ernst & Ernst, 106 SW2d 763 [Tex Civ App 1937].) The New York cases are in accord (see, Carr v Lipshie, 9 NY2d 983 [1961]).*
Suits alleging negligence in connection with the performance of professional services must be brought within two years of the commission of the tort. (See, Texas Civ Stats Annot art 5526; Westchester Corp. v Peat, Marwick, Mitchell & Co., 626 F2d 1212 [5th Cir 1980].)
The general rule is that a tort cause of action accrues when the tort is committed, despite the difficulty in ascertaining damages until a later date. (See, Quinn v Press, 135 Tex 60, 140 SW2d 438 [1940].) In Atkins v Crosland (417 SW2d 150, 153), the Supreme Court of Texas noted the following test for determining when the cause of action accrues:
" 'The test to determine when the statute of limitations begins to run against an action sounding in tort is whether the act causing the damage does or does not of itself constitute a legal injury, that is, an injury giving rise to a cause of action because it is an invasion of some right of plaintiff. If the act is of itself not unlawful in this sense, and plaintiff sues to recover damages subsequently accruing from, and consequent on, the act, the cause of action accrues, and the statute begins to run, when, and only when, the damages are sustained; and this is true although at the time the act is done it is apparent that injury will inevitably result.
" 'If, however, the act of which the injury is the natural sequence is of itself a legal injury to plaintiff, a completed wrong, the cause of action accrues and the statute begins to *939 run from the time the act is committed, even where little, if any, actual damage occurs immediately on commission of the tort’
This distinction between a lawful and unlawful act has often been blurred by the courts. In Atkins (supra), an action for damages against an accountant who allegedly had negligently prepared tax returns (by using the cash disbursement as opposed to the accrual method), the court found that the cause of action did not accrue until a tax deficiency was assessed by the IRS. The court reasoned that the preparation of the tax returns was not in itself "unlawful” and, if the deficiency had never been assessed, plaintiff would not have been harmed and there would be no cause of action.
In American Indem. Co. v Ernst & Ernst (supra), however, the plaintiff, a surety company, sued an accounting firm, alleging that, as a result of its failure to discover that an employee of the Mexican School District had been embezzling funds, plaintiff sustained a loss on a fidelity bond. Plaintiff argued that the full measure of damages could not be ascertained and, in fact, no damage at all had occurred until the claim of the school district had been reduced to final judgment and the judgment paid by the plaintiff. The court, in rejecting this reasoning, determined that defendant’s conduct constituted a violation of plaintiff’s rights and a cause of action accrued immediately upon the completion of the audit report —in effect, defendant’s conduct was unlawful in itself.
Turning to the facts involved in the instant case, we must determine when the cause of action arose. If the only legal injury Allied and plaintiffs sustained by virtue the alleged negligent acts of Peat was sustained more than two years prior to November 11, 1982, the limitation period has run and the action is barred.
Even if it be assumed, arguendo, that Peat’s alleged acts did not yet partake of an unlawful character in 1979 when it completed the report allegedly relied on by both Allied and plaintiffs, and even if it be further assumed that such unlawfulness was not fixed in March 1980 when Allied received Peat’s reports, Peat’s alleged negligence clearly partook of an unlawful character by September 1980, when the plaintiffs were allegedly induced by Peat’s reports to renew the fidelity bond. By virtue of such renewal, plaintiffs were injured at the time of renewal, because they undertook to answer for defalcations that had already occurred but had not been discovered, *940 and such defalcations had already occurred. Such renewal was akin to ingesting a poison, inexorably setting in motion the forces of harm. (Cf., Martin v Edwards Labs., 60 NY2d 417.) By the time of that "ingestion”, plaintiffs’ causes of action had accrued and they are time barred by the two-year Texas period.
No opinion is expressed in this decision as to applicability of a period of limitation when, unlike the instant case, some or all of the defalcations may have occurred after the renewal of the bond.
REMEDIAL FRAUD
Plaintiffs argue that the Statute of Limitations should have been suspended until Allied "discovered” Wiggins’ theft (the so-called "discovery rule”). They premise their argument on the theory that Peat’s action constitutes "remedial fraud” under Texas law.
In Rosenthal v Blum (529 SW2d 102, 104 [Tex Civ App 1975]) the court noted: "Most jurisdictions, and particularly the more modern decisions, have recognized a cause of action on negligent misrepresentation * * * It constitutes a specie of remedial fraud in Texas”. (Citing, Shatterproof Glass Corp. v James, supra, at 879.)
Merely because the Texas court in Rosenthal (supra) has characterized negligent misrepresentation as "remedial fraud” is no basis for concluding that Texas would treat negligent misrepresentation as fraud per se for the purposes of imposing a discovery rule. Assuming that the amended complaint states a cause of action in negligent misrepresentation (third cause of action), then recourse should be made to the elements of that cause. Tentative Draft No. 12, Restatement (Second) of Torts § 552 (1966) under Topic 3, provides in pertinent part: "(1) One who, in the course of his business, profession or employment, or in a transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information”.
Similarly, in Shatterproof (466 SW2d 873, 879, supra [accountants under a duty to exercise due care toward a third party who, in reliance on financial statements, had loaned money to the accountants’ clients]) the court eschewed what it *941 termed " 'tortured fraud theories’ ” and targeted the Restatement as the correct approach to cases involving professional negligence. Neither this court nor the parties have located any Texas case in which the discovery rule has been applied to accountant misrepresentation, absent knowledge of falsity of the representation, i.e., scienter. (See, Gaddis v Smith, 417 SW2d 577, for a discussion of the "discovery rule” in Texas.)
Scienter is crucial to distinguishing negligent misrepresentation from fraud, as was recently clarified in Blue Bell v Peat, Marwick, Mitchell & Co. (715 SW2d 408, 415 [Tex Ct App 1986]).
Therefore, this court finds that, despite the characterization of the cause of action as one for "remedial fraud”, under Texas law the true cause of action is one for negligence and the discovery rule does not apply. The action is hereby dismissed.
Plaintiffs’ entire action having been dismissed as time barred, there is no need to address the other prongs of the motion. This decision constitutes an order of the court and is self-executing in that no further submission or settlement of an order shall be necessary for it to become operative, without prejudice to defendant’s right to submit to the clerk a judgment for costs.

 To be distinguished under New York law are cases in which the action is brought by a party who has contracted with the defendant (Video Corp. v Flatto Assocs., 58 NY2d 1026) or by an alleged third-party beneficiary (Philippson v Hexalon Real Estate, 111 AD2d 126).