OPINION OF THE COURT
Eugene L. Nardelli, J.
Plaintiff Allied International Bancorp, Inc. (hereinafter called plaintiff or Allied) is a bank holding company organized under the laws of Delaware, with its principal place of business in New York. It owns all the stock of Allied Bank International (Allied Bank) a Federally chartered corporation with its principal offices in New York and a representative office (formerly a branch office) in London and of Allied International Guernsey Ltd. (Allied Guernsey) a corporation organized under the laws of Guernsey, with its principal offices in the Channel Islands.
Defendant Peat, Marwick, Mitchell & Co. (hereinafter called defendant or Peat Marwick U.S.) is a partnership doing business in New York. Peat Marwick Guernsey is a partnership doing business in the Channel Islands. The two partnerships have no common partners and act independently.
*79 In engagement letters dated January 25, 1982, March 3, 1983, and January 30, 1984, defendant undertook to examine the consolidated financial statements of plaintiff and to review Allied’s quarterly statements for the years 1982, 1983, and 1984, and by letter dated March 4, 1981 to examine the consolidated financial statements of Allied Bank for 1981 (Allied came into existence on Sept. 30, 1981, and it received defendant’s report pursuant to the 1981 letter). Defendant stated in its letters to plaintiff that its audit approach would be on an international basis to enable it to issue separate independent accountants’ reports on each of plaintiff’s subsidiaries, including Allied Guernsey.
Plaintiff’s complaint alleges that defendant submitted reports on Allied Guernsey in 1982, 1983, 1984, and 1985, and alleges fraudulent misrepresentations and omission, negligence, and "breach of its engagement agreements with Allied and [Allied Guernsey] all in connection with (a) the aforesaid audits of the consolidated financial statements of Allied and its subsidiaries and (b) the aforesaid audits of the financial statements of [Allied Guernsey].” In its complaint plaintiff refers to defendant after its first mention as "Peat”. It refers to the Peat Marwick U.S. partnership in London as "Peat’s London office (hereinafter Peat London)” and to the Peat Marwick U.S. partnership in the Channel Islands as "Peat’s offices in the Channel Islands (hereinafter Peat Cl)”. Plaintiff’s complaint alleges that one Michael Vanner worked in its Trade Finance Department and performed fraudulent acts from 1980 through 1984 that resulted in bad loans by Allied Guernsey and the London office of Allied Bank and that defendant failed to discover such fraud or discovered it and failed to provide notice to plaintiff and Allied Guernsey.
Defendant has moved for an order dismissing each cause of action.

Pursuant to CPLR 3211 (a) (7) (to dismiss third cause of action because the claim is for malpractice and losses are not recoverable in contract).

Until the decision by the Court of Appeals in Video Corp. v Flatto Assocs. (58 NY2d 1026; see also, Sears, Roebuck & Co. v Enco Assocs., 43 NY2d 389) the argument might with reason have been made that where a contract has been made not for a specific result but for professional services to be performed *80 at the accepted standards of that profession, any action thereon would be one for malpractice and would not lie in contract. See the Appellate Division decision in Video Corp. v Flatto Assocs. (85 AD2d 448, 451-452 [1st Dept]), which was reversed in the Court of Appeals decision cited above (see also, Carr v Lipshie, 8 AD2d 330 [1st Dept], affd 9 NY2d 983). In Video, however, the Court of Appeals made it clear that an action for failure to exercise due care in the performance of a contract insofar as it seeks recovery for damages to pecuniary interests (as distinguished, e.g., from injury to the person) may be brought in contract whether or not the contract was for a specific result. Video did not specifically overrule Carr v Lipshie (supra); but the application of its ruling to accountants was not before it. The language of its decision and its express approval of Justice Sandler’s dissenting opinion in the Appellate Division, moreover, could leave no doubt of the applicability of the decision to actions against accountants or other professionals involving actions with respect to pecuniary interests. Thus in Hoerger v Board of Educ. (127 AD2d 88, 98) the Appellate Division for the Second Department analogized an action by teachers against their union (for the breach of its duty of fair representation) to a legal malpractice action and, citing Video, said: "[0]ur Court of Appeals has made it clear that a professional malpractice action which seeks to recover damages to property or pecuniary interests is governed by this State’s six-year contract Statute of Limitations provided for in CPLR 213 (2)”. The Court of Appeals has in a later case (Baker v Board of Educ., 70 NY2d 314, 321) found that analogy "flawed”. But the Second Department’s understanding of the law with respect to professional malpractice remains, even though actions against unions would not be brought under its umbrella. In Pearl-Wick Corp. v Chase Manhattan Bank (125 AD2d 249, 251) the Appellate Division for the First Department ruled that a cause of action alleging commercial unreasonableness in auctioning the borrower’s assets sounded in contract and, pursuant to Video, was governed by the six-year statute. Indeed, since Video, where the action is for failure to exercise due care in the performance of a contract and seeks recovery for damages to property or pecuniary interests, the applicability of the six-year statute is treated as a given without discussion of the nature of the services involved. (See, Kracke v Western World Ins. Co., 121 AD2d 692 [2d Dept]; A. Devaney, Inc. v Graphic Solutions, 120 AD2d 558 [2d Dept].) Its applicability is accepted in cases involving legal
*81 malpractice. (Drab v Baum, 114 AD2d 992 [2d Dept]; Sinopoli v Cocozza, 105 AD2d 743.) The applicability of Video to actions against accountants specifically has been recognized in two Supreme Court decisions. In Fidelity & Deposit Co. v Peat, Marwick, Mitchell & Co. (135 Misc 2d 936, 938, n [Sup Ct, NY County]), obeisance was made to Carr v Lipshie but with the footnote that "cases in which the action is brought by a party who has contracted with the defendant” must be distinguished because of Video. Fidelity applied Texas law; so whether Video or Carr controlled was not crucial. The instant case, of course, involves allegations of failure to use due care under a contract. Credit Alliance Corp. v Andersen Co. (122 Misc 2d 1045 [Sup Ct, NY County]) quoted Video and Sears to support a six-year limitation period where there is a contract for accounting services; the action there, however, was brought by a group not in contractual privity with the accountant but whose reliance on the accountant’s work was foreseeable. The action was held to be only in negligence and thus subject to the three-year statute.