**Motion for Rehearing Granted; Affirmed in Part, Reversed in Part, and Remanded; and Opinion on Rehearing filed June 2, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-20-00308-CV

---

### UNION PACIFIC RAILROAD COMPANY, Appellant

### V.

**ANNA DORSEY, Individually and as Representative of the Estates of GLORIA MOORE (Deceased) and SAM MOORE, Jr. (Deceased), BETTY HORACE, Individually and as Representative of the Estate of THOMAS HORACE (Deceased), PATRICK HORACE, KRISTEN GILMORE, Individually and as Representative of the Estate of JODIE ARCHIE (Deceased), KRISHONDE ALLEN, ESTELLA AMES, DEBRA AMMONS, EDWIN AMOS, GLORIA BAPTISTE, ALTON BERRY, JIMMY BOOKER, ROBERT BOOKER, BRENDA BRANCH, JOHNTER BRANTLEY, DOROTHY BROOKS, HILLMAN CALVIN, IVIA CLAY, BENJAMIN COOKESY, WILLIAM COOKSKY, DIANNA CORMIER JACKSON, AUTREA DAVIS, KAREN DICKEY, MERVE EUELL, PHYLLIS FARR, ROY FITZPATRICK, MOZELLE FLANNIGAN, KATHY GABRIEL, JIMMY GALENTINE, JOEL GREEN, ADELL GUILLORY, LESTER HARRIS, WILLIE HARRIS, KERRY LYNN HASKETT, RICHARD HENRY, CARMELITA HIGGINS, LATINA HILL, HAROLD HORACE, HERBERT HORACE, TAMARA JACKSON, JAMES JOHNSON, RONNIE JOHNSON, KATHERINE JONES, DANNY LEWIS, HARRY DEAN LEWIS, LORENNIA LINDSEY, ELIZABETH NICKELS, IDA OBRIEN,**

**ROBERT PALMER, SEPERIA PRESTON, RUBY REYNOLDS, BARRY RHODES, ALLEN RICHARDSON, DONNA RICHARDSON, DWIGHT RICHARDSON, JOHNNY RISTON, RODNEY RUSHING, DAVID RYAN, LISA SAMUEL, ANDREA SHIELDS, SONYA SMITH, HATTIE SWINT, RODNEY THOMAS, SHERRY THOMAS, GERALD TURNER, LARRY TURNER, SHIRLEY LEWIS VALLIER, DALE VANWRIGHT, ELNORA VICTOR, JESSE VICTOR, CHANTA VISTON, LAWRENCE WALKER, JOHN WALKER, OPAL WALKER, RENEE WALKER, LOU PRICE-WALKER, CONNIE WALTON, LADETRIA WESLEY, EDITH WILBURN, SANFORD WILLIAMS, TANYA WOOTEN, BOBBY WORTHY, PATRICIA WORTHY, and JAMES YOUNG, Appellees**

---

**On Appeal from the 281st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2020-07396**

---

### OPINION ON REHEARING

We grant appellant Union Pacific Railroad Company's motion for rehearing, withdraw our prior opinion dated March 31, 2022, and issue this opinion on rehearing it its stead.

Appellees sued Union Pacific for claims related to Union Pacific's contamination of residential neighborhoods in Houston with creosote, a probable carcinogen. The trial court denied Union Pacific's motion to dismiss appellees' "property-damage claims" under the Texas Citizens Participation Act (TCPA).[1] In a single issue, Union Pacific contends that the trial court erred by denying the motion. We affirm in part, reverse in part, and remand for further proceedings.

---

[1] *See* Tex. Civ. Prac. & Rem. Code ch. 27; *see also In re Lipsky*, 460 S.W.3d 579, 584 & n.1 (Tex. 2015).

# I. TCPA LEGAL PRINCIPLES

The TCPA was designed to protect a defendant's rights of speech, petition, and association while protecting a claimant's right to pursue valid legal claims for injuries caused by the defendant. *Montelongo v. Abrea*, 622 S.W.3d 290, 295 (Tex. 2021) (citing Tex. Civ. Prac. & Rem. Code § 27.002)). To accomplish this objective, the TCPA provides for a multi-step process for the dismissal of a legal action to which it applies. *See id.* First, the movant must demonstrate that the legal action is "based on or is in response to" their exercise of the right of free speech, petition, or association. *Id.* If the movant meets this burden, the claimant may avoid dismissal by establishing by clear and specific evidence a prima facie case for each essential element of the claim in question. *Id.* Moreover, a claimant may avoid dismissal by establishing that the legal action is exempt from the TCPA under a specific statutory exemption. *Hieber v. Percheron Holdings, LLC*, 591 S.W.3d 208, 210–11 (Tex. App.—Houston [14th Dist.] 2019, pet. denied) (citing Tex. Civ. Prac. & Rem. Code § 27.005(d)).

A "legal action" means a "lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal, declaratory, or equitable relief." Tex. Civ. Prac. & Rem. Code § 27.001(6). An "exercise of the right of free speech" means a communication made in connection with a matter of public concern. *Id.* § 27.001(3). An "exercise of the right to petition" means, among other things, (1) a communication in or pertaining to "an executive or other proceeding before a department of the state or federal government," or (2) "a communication in connection with an issue under consideration or review by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding." *Id.* § 27.001(4).[2] An

---

[2] We recite the statutory definitions upon which Union Pacific relies.

3

"exercise of the right of association" means to join together to collectively express, promote, pursue, or defend common interests relating to a governmental proceeding or a matter of public concern. *Id.* § 27.001(2).

A "communication" is broadly defined as "the making or submitting of a statement or document in any form or medium." *Id.* § 27.001(1); *see also Youngkin v. Hines*, 546 S.W.3d 675, 680 (Tex. 2018). The definition does not include a "failure to communicate." *DOJO Bayhouse, LLC v. Pickford*, No. 14-20-00237-CV, 2021 WL 6050677, at *4 (Tex. App.—Houston [14th Dist.] Dec. 21, 2021, no pet.) (mem. op.). As relevant here, a "matter of public concern" means a statement or activity regarding "a matter of political, social, or other interest to the community" or "a subject of concern to the public." Tex. Civ. Prac. & Rem. Code § 27.001(7).

The "exemptions" section of the TCPA provides in relevant part that the TCPA does not apply to "a legal action seeking recovery for bodily injury, wrongful death, or survival" or "a legal action based on a common law fraud claim." Tex. Civ. Prac. & Rem. Code § 27.010(3), (12).

We review de novo whether the parties have met their respective burdens. *See M.A. Mills, P.C. v. Kotts*, 640 S.W.3d 323, 326 (Tex. App.—Houston [14th Dist.] 2022, no pet. h.). In reviewing these issues, the pleadings are the "best, and all sufficient evidence of the nature" of a claim. *DOJO Bayhouse*, 2021 WL 6050677, at *5 (quoting *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017)). We view the pleadings in the light most favorable to the nonmovants, favoring the conclusion that their claims are not predicated on protected expression. *Sanchez v. Striever*, 614 S.W.3d 233, 246 (Tex. App.—Houston [14th Dist.] 2020, no pet.).

Dismissal under the TCPA is determined on a claim-by-claim basis. *Repub. Tavern & Music Hall, LLC v. Laurenzo's Midtown Mgmt., LLC*, 618 S.W.3d 118,

4

122 (Tex. App.—Houston [14th Dist.] 2020, no pet.). "When a legal action is in response to both expression protected by the TCPA and other unprotected activity, the legal action is subject to dismissal only to the extent that it is in response to the protected conduct, as opposed to being subject to dismissal in its entirety." *Navidea Biopharm., Inc. v. Capital Royalty Partners II, L.P.*, No. 14-18-00740-CV, 2020 WL 5087826, at *4 (Tex. App.—Houston [14th Dist.] Aug. 28, 2020, pet. denied) (mem. op.). When courts are unable to identify a means to determine which claims are in response to protected rather than unprotected communications, a trial court does not err by denying the motion. *Id.* at *4–5 (affirming denial when this court could "not see a practicable way to parse out the degree to which" the claims were based on protected rather than unprotected communications).

## II. APPELLEES' PETITION

In their petition, appellees assert claims against Union Pacific and other defendants for negligence, negligence per se, negligent misrepresentation, fraudulent concealment, and nuisance.[3] Appellees seek damages for wrongful death and survival, property damages, and damages for personal injuries, including: (1) physical pain; (2) physical impairment; (3) disfigurement; (4) mental anguish; (5) pecuniary losses; (6) the loss of use and enjoyment of real property; and (7) the loss of or diminished economic value of real property. As Union

---

[3] Union Pacific notes that "fraudulent concealment" is not a recognized claim in Texas but an affirmative defense to a statute of limitations. Appellees contend that their "concealment" claim is one for fraud by nondisclosure, and we agree. *See Flowers v. ZBR Holdings, LLC*, No. 05-16-00345-CV, 2017 WL 3484542, at *1 n.1 (Tex. App.—Dallas Aug. 15, 2017, no pet.) (mem. op.) ("Appellees called the last claim 'Concealment,' but courts usually call this claim fraud by nondisclosure."); *Brocail v. Detroit Tigers, Inc.*, 268 S.W.3d 90, 110 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (applying Michigan law, noting that "[f]raudulent concealment [is] also known as fraud by nondisclosure"); *Kawecki v. Int'l Bank of Commerce*, No. 14-01-01025-CV, 2003 WL 21782345, at *1 n.3 (Tex. App.—Houston [14th Dist.] July 31, 2003, no pet.) (mem. op.) (treating the plaintiffs' "fraudulent concealment claim as one for fraudulent nondisclosure").

5

Pacific notes in its motion for rehearing, and appellees do not dispute, appellees allege in their petition that some of them suffered both "property damage and cancer" while thirteen appellees suffered only "property damage."[4]

Appellees allege that Union Pacific knowingly contaminated residential neighborhoods in Houston with creosote, a probable carcinogen, and that the contamination is ongoing. Appellees allege, "As a result of exposure to toxic chemicals used, stored, and improperly dumped at Union Pacific's rail yard, Plaintiffs have suffered injuries in the form of cancer, death, and property damage caused by contamination."

Appellees allege, "Union Pacific and its consulting geologists . . . have misrepresented the extent of the threat posed by creosote waste and the DNAPL,[5] concealing the true nature of the hazard in reports to the TCEQ and communications with the public in order to obtain required permits." Union Pacific has "failed to disclose the full extent of the contamination or the known health risks posed to property owners and others exposed to the contaminates over time."

Regarding the negligence claim, appellees allege that Union Pacific was negligent in the following ways:

1.    Failing to warn of the health hazards associated with creosote and toxic chemicals used, stored and dumped at or near the Engelwood Rail Yard;

2.    Failing to safely use, store and dump creosote and toxic chemicals known to be hazardous to human health;

---

[4] The following appellees allege only "property damage": Edwin Amos, Gloria Baptiste, Alton Berry, Robert Booker, William Cooksky, Karen Dickey, Phyllis Farr, Ronnie Johnson, Ruby Reynolds, Barry Rhodes, Hattie Swint, Dale Vanwright, and Jesse Victor.

[5] DNAPL is "an underground plume of creosote sludge known as a dense non-aqueous phase liquid."

3.   Failing to take reasonable steps to prevent and mitigate air, soil and water contamination caused by creosote and toxic chemicals known to be hazardous to human health;

4.   Failing to properly monitor and test for air, soil and water contamination caused by creosote and toxic chemicals known to be hazardous to human health;

5.   Failing to notify Plaintiffs of air, soil and water contamination caused by creosote and toxic chemicals known to be hazardous to human health;

6.   Failing to notify governmental agencies and authorities of air, soil and water contamination caused by creosote and toxic chemicals known to be hazardous to human health;

7.   Failing to disclose the full extent and nature of air, soil and water contamination at or near the Engelwood Rail Yard to Plaintiffs and governmental agencies;

8.   Failing to employ, train and supervise employees on the safe handling, storage, use and containment of creosote, toxic chemicals and waste known to be hazardous to human health;

9.   Failing to protect Plaintiffs and the general public from the harmful effects of exposure to creosote and toxic chemicals;

10.  Failing to prevent creosote and toxic chemicals from permeating ground water and creating a creosote NAPL beneath residential properties;

11.  Failing to take timely and reasonable steps to contain the creosote NAPL and mitigate the risks to human health posed by the creosote NAPL;

12.  Failing to warn of or prevent property damage caused by soil and water contamination caused by creosote and toxic chemicals known to be hazardous to human health;

13.  Failing to obtain reliable or adequate meteorological and geological surveys to ensure creosote and toxic chemicals would not contaminate air, soil and water;

14.  Failing to obtain reliable or adequate meteorological and geological surveys to reasonably evaluate the risk of air, soil and water contamination by creosote and toxic chemicals; and

7

15. Failing to prevent Plaintiffs and the general public from coming into contact with creosote and other toxic chemicals, including, but not limited to failing to implement safety barriers and security measures to prevent public access to creosote and toxic chemicals at or near the Englewood Rail Yard.

Regarding negligence per se, appellees allege that Union Pacific has violated several sections of the Administrative Code that prohibit the creation of a nuisance or endangering the public health and welfare as the result of storing, processing, disposing, or other conduct related to hazardous wastes. *See* 30 Tex. Admin. Code §§ 335.4, 335.177.

Regarding negligent misrepresentation, appellees allege among other things that Union Pacific and other defendants "made representations to governmental agencies and Plaintiffs regarding the nature of the air, soil, and water contamination caused by creosote and toxic chemicals and their efforts to mitigate and monitor air, soil, and water contamination caused by creosote and toxic chemicals." Appellees allege that Union Pacific and other defendants failed to use reasonable care in "communicating the information to governmental agencies and Plaintiffs," nor "adequately and properly disclosing" the hazards to human health and the nature and scope of the contamination caused by creosote and toxic chemicals. Appellees allege that the negligent misrepresentations have "proximately caused Plaintiffs' damages."

Regarding fraudulent concealment, appellees allege that Union Pacific and other defendants knew of the hazards to human health posed by creosote and toxic chemicals, including the risk of disease, cancer, and death, yet "[t]o avoid liability and obtain operating permits from governmental agencies, Defendants intentionally concealed the scope and dangers associated with the air, soil, and

8

water contamination caused by creosote and toxic chemicals from Plaintiffs, the government, and the general public."

Regarding nuisance, appellees allege that Union Pacific unreasonably invaded appellees' interests in the private use and enjoyment of their homes and land by knowingly contaminating air, soil, and water on and underneath appellees' properties. Additionally, Union Pacific unreasonably interfered with rights common to the general public, including permitting the discharge of creosote and toxic chemicals into public right of ways.

### III. ANALYSIS

Union Pacific contends that the trial court should have dismissed each of appellees' claims to the extent they are "property-damage claims" because they are based on or in response to Union Pacific's exercise of the rights of free speech, association, and petition. Union Pacific contends that the TCPA does not exempt property-damage claims or any of appellees' claims under the fraud exception. Appellees respond that their claims are based on or in response to Union Pacific's contamination, not the exercise of a protected right, and their claims are for physical injury and fraud, which are exempted from the TCPA.

### A. Negligence, Negligence Per Se, Fraudulent Concealment, and Nuisance

Regarding appellees' claims for negligence, negligence per se, fraudulent concealment, and nuisance, Union Pacific focuses on the global allegations contained in appellees' petition that (1) Union Pacific "failed to disclose the full extent of the contamination or the known health risks posed to property owners and others exposed to the contaminates over time;" and (2) "Union Pacific and its consulting geologists . . . have misrepresented the extent of the threat posed by creosote waste and the DNAPL, concealing the true nature of the hazard in reports

9

to the TCEQ and communications with the public in order to obtain required permits." Union Pacific contends that these allegations show that appellees' claims are based on or in response to Union Pacific's exercise of the rights of free speech, association, and petition.

The first global allegation is based on a failure to disclose—a failure to communicate—which does not implicate protected activity. *See DOJO Bayhouse*, 2021 WL 6050677, at *4. Regarding the second global allegation about Union Pacific and others having "misrepresented the extent of the threat posed by the creosote waste," Union Pacific has not demonstrated that appellees' negligence, negligence per se, fraudulent concealment, and nuisance claims are "based on" or "in response to" such misrepresentations. The misrepresentations do not form the "basis for the legal claims or the impetus for suit" concerning negligence, negligence per se, fraudulent concealment, or nuisance. *See ML Dev., LP v. Ross Dress for Less, Inc.*, No. 01-20-00773-CV, 2022 WL 1037757, at *4 (Tex. App.—Houston [1st Dist.] Apr. 7, 2022, no pet. h.) (reasoning that although alleged statements "may have accompanied" complained-of conduct, the communications themselves did not "provide the basis for the legal claims or the impetus for suit").

Rather, the gravamen of these claims is Union Pacific's contamination of Houston neighborhoods with creosote and Union Pacific's failures to communicate regarding the scope and dangers of the contamination. *See Sanchez*, 614 S.W.3d at 246 (considering the "gravamen of the claim as pleaded" to determine whether the defendant's communication related to a protected right; "[S]imply alleging conduct that has a communication embedded within it does not create the relationship between the claim and the communication necessary to invoke the TCPA." (alteration in original) (quoting *Kawcak v. Antero Res. Corp.*, 582 S.W.3d 566, 587 (Tex. App.—Fort Worth 2019, pet. denied))). The global allegation of joint

10

misrepresentations, i.e., communications, do not "draw an adequate connection to invoke the TCPA under the amended language" for appellees' claims of negligence, negligence per se, fraudulent concealment, and nuisance. *See Union Pacific R.R. Co. v. Chenier*, No. 01-21-00073-CV, 2022 WL 547642, at *7 (Tex. App.—Houston [1st Dist.] Feb. 24, 2022, no pet. h.) (affirming denial of Union Pacific's TCPA motion in similar lawsuit alleging contamination based on creosote and claims for negligence, negligence per se, negligent misrepresentation, fraud, and nuisance).[6]

Union Pacific's issue is overruled regarding appellees' claims for negligence, negligence per se, fraudulent concealment, and nuisance because Union Pacific failed to demonstrate that these claims are based on or in response to Union Pacific's exercise of a protected right.

## B.     Negligent Misrepresentation

A claim for negligent misrepresentation includes as an element that the defendant made a "representation" that conveyed false information. *See JPMorgan Chase Bank, N.A. v. Orca Assets G.P.*, 546 S.W.3d 648, 653 (Tex. 2018). According to their petition, appellees' negligent misrepresentation claim is based on or in response to Union Pacific's communications, i.e., making "representations to governmental agencies and Plaintiffs" and "communicating the information to governmental agencies and Plaintiffs." These communications were made in connection with a matter of public concern—"regarding the nature of

---

[6] The TCPA was amended in 2019 to narrow the categories of connections a claim could have to the exercise of a protected right in order for a defendant to obtain a dismissal. *See generally ML Dev., LP*, 2022 WL 1037757, at *2–3 (discussing removal of the phrase "relates to" from the prior version of the TCPA that allowed dismissal if the movant proved that the claim was "based on, relates to, or is in response to" the movant's exercise of a protected right). The amendment "removed the broadest category of connection, thereby requiring future TCPA movants to establish a closer nexus between the claims against them and the communications they point to as their exercise of protected rights." *Id.* at *5.

11

the air, soil, and water contamination caused by creosote and toxic chemicals and their efforts to mitigate and monitor air, soil, and water contamination caused by creosote and toxic chemicals." *See ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 901 (Tex. 2017) (matter of public concern under prior statutory definition included statements related to employee's failure to complete process that would "reduce the potential environmental, health, safety, and economic risks associated with noxious and flammable chemicals overfilling and spilling onto the ground"); *In re Lipsky*, 411 S.W.3d 530, 542–43 (Tex. App.—Fort Worth 2013, orig. proceeding) (matter of public concern under prior statutory definition included statements about the environmental effects of fracking and the cause of contamination of a well), *mand. denied*, 460 S.W.3d 579 (Tex. 2015); *see also Gibson v. Office of Atty. Gen., State of Cal.*, 561 F.3d 920, 925–26 (9th Cir. 2009) (matter of public concern included statements about "discharges of raw sewage into the environment and exposure of public employees to dangerous contaminants"); *Hometown Props., Inc. v. Fleming*, 680 A.2d 56, 64 (R.I. 1996) (matter of public concern included statements about "potential environmental contamination").[7]

Accordingly, the negligent misrepresentation claim is based on or in response to Union Pacific's exercise of the right of free speech. Appellees contend that their negligent misrepresentation claim is based on both protected *and* unprotected activity because their claim involves a "failure to disclose information." Regarding the negligent misrepresentation claim, the petition does not allege a failure to disclose or communicate, but rather a failure to use

---

[7] The TCPA was amended in 2019 to alter the definition of "matter of public concern" so that it more closely tracks the meaning used in First Amendment jurisprudence. *See* Tex. Civ. Prac. & Rem. Code § 27.001(7)(B). *Compare* Act of June 17, 2011, 82nd Leg., R.S., ch. 341, § 1, 2011 Tex. Gen. Laws 961, *with Brady v. Klentzman*, 515 S.W.3d 878, 884 (Tex. 2017).

"reasonable care" while disclosing. This claim is not based on a "failure to warn." *Cf. See Chenier*, 2022 WL 547642, at *6 (Tex. App.—Houston [1st Dist.] Feb. 24, 2022, no pet. h.).

Appellees contend further that damages to their real properties "simply do not logically occur as a result of a 'misrepresentation.'" They cite no authority for the contention, and we have found none. *See Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991) (damages recoverable for negligent misrepresentation include "pecuniary loss suffered otherwise as a consequence of the plaintiff's reliance upon the misrepresentation" (quoting Restatement (Second) of Torts § 552B)). Appellees allege broadly in their petition that Union Pacific's negligent misrepresentations "proximately caused Plaintiffs' damages." Although we view the petition in the light most favorable to the appellees, they made no attempt to limit their negligent misrepresentation claim to only non-property damages.

Appellees do not contend that they have met their burden to demonstrate by clear and specific evidence a prima facie case for each essential element of the claim. But, their arguments to the trial court and this court raise several exceptions to the TCPA: the fraud exception and the bodily-injury exception.

### 1. Fraud Exception

The TCPA provides, "This chapter does not apply to: . . . a legal action based on a common law fraud claim." Tex. Civ. Prac. & Rem. Code § 27.010(a)(12). A claim is "based on" common law fraud if the claim "require[s] proof of common law fraud as part of [its] elements." *Baylor Scott & White v. Project Rose MSO, LLC*, 633 S.W.3d 263, 281–83, 288 (Tex. App.—Tyler 2021, pet. filed) (holding that claims for unjust enrichment, civil conspiracy, and aiding and abetting breach of fiduciary duty were exempt under the fraud exception as

13

pleaded, but claims for tortious interference with contract, promissory estoppel, quantum meruit, money had and received, and declaratory judgment were not exempt).

Although a claim for negligent misrepresentation is similar to fraud, they are not the same. Fraud is more difficult to prove than negligent misrepresentation because of the added element of intent. *Grant Thornton LLP v. Prospect High Income Fund*, 314 S.W.3d 913, 921 (Tex. 2010); *see also N. Cypress Med. Ctr. Operating Co. v. Aetna Life Ins. Co.*, 898 F.3d 461, 474 (5th Cir. 2018) (applying Texas law, "The primary difference between fraud and negligent misrepresentation is that a negligent misrepresentation does not require an actual intent to defraud, only that . . . the party making the false statement acted negligently in doing so." (omission in original, quotations omitted)). "Negligent misrepresentation is properly identified as being a claim sounding in negligence rather than fraud." *Milestone Props., Inc. v. Federated Metals Corp.*, 867 S.W.2d 113, 119 (Tex. App.—Austin 1993, no writ) (quoting *Tex. Am. Corp. v. Woodbridge Joint Venture*, 809 S.W.2d 299, 303 (Tex. App.—Fort Worth 1991, writ denied) (applying two-year rather than four-year limitations period to negligent misrepresentation).[8]

Thus, a claim for negligent misrepresentation does not require proof of common law fraud as part of its elements. Appellees allege in their petition that Union Pacific failed to use reasonable care in their communications, not that Union Pacific did so knowingly or recklessly. As pleaded, appellees' negligent misrepresentation claim is not exempt from the TCPA under the fraud exception.

---

[8] Appellee's reliance on the stray reference in *Rosenthal v. Blum*, 529 S.W.2d 102, 104 (Tex. App.—Waco 1975, writ ref'd n.r.e.), that negligent misrepresentation "constitutes a specie of remedial fraud," is neither persuasive nor controlling on the issue in this case. *See id.* at 102, 104–05 (recognizing that negligent misrepresentation is a cause of action, noting that "scienter is not an element," and reversing the trial court's dismissal for failure to state a claim).

## 2. *Bodily-Injury Exception*

Appellees allege in their petition that Union Pacific's negligent misrepresentations proximately caused damages. Because some of the appellees seek damages for bodily injury, wrongful death, and survival for their negligent misrepresentation claim, the claim falls squarely within the TCPA's exception: "This chapter does not apply to . . . a legal action seeking recovery for bodily injury, wrongful death, or survival or to statements made regarding that legal action." Tex. Civ. Prac. & Rem. Code § 27.010(a)(3).

Union Pacific appears to argue that a single claim or cause of action like negligence—a "legal action"—can be subdivided under the TCPA into a claim that seeks recovery for bodily injuries and a separate claim that seeks recovery for property damages, and the TCPA exception would not apply to the separate claim seeking recovery of property damages. Union Pacific cites no case treating a claim as such under the TCPA, and we have found none. The plain language of the statute indicates that if the claim seeks recovery for bodily injury, wrongful death, or survival, then the TCPA does not apply—it does not matter that the claim could also result in recovery of damages that arguably fall outside the meaning of "bodily injury." *See Cavin v. Abbott*, 545 S.W.3d 47, 57 (Tex. App.—Austin 2017, no pet.) (TCPA did not apply to an assault claim, which sought recovery for "bodily injury" because the claimant sought recovery of medical expenses and compensation for physical pain even though some of the sought-after damages "would arguably fall outside 'bodily injury'").[9]

---

[9] We note that a claim for negligent misrepresentation may allow recovery for physical harm, *see D.S.A., Inc. v. Hillsboro Indep. Sch. Dist.*, 973 S.W.2d 662, 664 (Tex. 1998), and this case does not involve artful pleading in an attempt to circumvent the TCPA, *see Reeves v. Harbor Am. Cent., Inc.*, 631 S.W.3d 299, 303 n.2 (Tex. App.—Houston [14th Dist.] 2020, pet. denied).

However, Union Pacific notes that thirteen of the appellees allege claims only for property damages and not personal injuries. *See supra* note 4. Appellees do not dispute this contention but instead suggest that the exception should be applied to the entire lawsuit because some of the appellees seek damages for bodily injury or wrongful death. Contrary to appellees' argument, "dismissal under the TCPA is determined not by the action as a whole but on a claim-by-claim basis." *Repub. Tavern & Music Hall, LLC v. Laurenzo's Midtown Mgmt., LLC*, 618 S.W.3d 118, 122 (Tex. App.—Houston [14th Dist.] 2020, no pet.). Thus, thirteen of the appellees cannot show that the bodily-injury exception applies to their negligent misrepresentation claim.

Because thirteen of the appellees failed to meet their burden under the TCPA, the trial court erred by not dismissing their negligent misrepresentation claim.

## C. Discovery

Appellees note that they asked the trial court to continue the hearing on Union Pacific's motion to dismiss and permit limited discovery. Appellees ask this court to "order [the trial court] to rule on Appellees' request for continuance and limited discovery."

Assuming without deciding that this court would have jurisdiction in an interlocutory appeal from the denial of a motion to dismiss under the TCPA to address discovery issues,[10] the record does not show that appellees objected to the

---

[10] This court lacks jurisdiction to review an interlocutory order unless a statute specifically authorizes an exception to the general rule that appeals may be taken only from final judgments. *Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000). We have jurisdiction to review a trial court's order that "denies a motion to dismiss filed under Section 27.003," *see* Tex. Civ. Prac. & Rem. Code § 51.014(a)(12), not necessarily a failure to rule on a request for continuance or discovery under Section 27.006. The interlocutory appeal statute is

16

trial court's refusal to rule on its requests. Thus, no error is preserved. *See Goodchild v. Bombardier-Rotax GMBH Motorenfabrik*, 979 S.W.2d 1, 6 (Tex. App.—Houston [14th Dist.] 1998, pet. denied) (no error preserved for issue alleging that trial court failed to rule on request for jurisdictional discovery).

Accordingly, we render no opinion on appellees' request for discovery.

## IV. CONCLUSION

Having sustained Union Pacific's issue in part, we reverse the part of the trial court's order denying Union Pacific's motion to dismiss the negligent misrepresentation claim alleged by the following appellees: Edwin Amos, Gloria Baptiste, Alton Berry, Robert Booker, William Cooksky, Karen Dickey, Phyllis Farr, Ronnie Johnson, Ruby Reynolds, Barry Rhodes, Hattie Swint, Dale Vanwright, and Jesse Victor.

The remainder of the trial court's order is affirmed. We remand the case for proceedings consistent with this opinion. *See Cox Media Grp., LLC v. Joselevitz*, 524 S.W.3d 850, 865 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *see also* Tex. Civ. Prac. & Rem. Code § 27.009(a).

/s/    Ken Wise
Justice

Panel consists of Justices Wise, Bourliot, and Zimmerer.

---

strictly construed as a narrow exception to the general rule of appealability. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 841 (Tex. 2007).