**Johann PRUTSCHER, Plaintiff,**

v.

**FIDELITY INTERNATIONAL
BANK, Defendant.**

No. 76 Civ. 1715 (DBB).

United States District Court,
S. D. New York.

Dec. 4, 1980.

Conboy, Hewitt, O'Brien & Boardman, New York City, for plaintiff; Aaron N. Wise, New York City, of counsel.

Fried, Frank, Harris, Shriver & Jacobson, New York City, for defendant; Victor S. Friedman, Charles Jacob, New York City, of counsel.

## MEMORANDUM

BONSAL, District Judge.

On March 22, 1974, defendant Fidelity International Bank ("Fidelity") confirmed a Letter of Credit issued on March 13, 1974 by Banque de la Mediterranee ("Banque Med") in favor of plaintiff Johann Prutscher. Fidelity, claiming that the Bill of Lading presented to Banque Med under the terms of the Letter of Credit was fraudulent, moves for summary judgment on the ground that it is not liable to make payment as a matter of law.

In March 1974, Prutscher, a limited partnership located in Vienna, Austria, entered into a contract with the Eid Trading Agency ("Eid") under which Eid agreed to purchase from Prutscher certain laboratory furniture. On March 13, 1974, Banque Med, located in Beirut, Lebanon, issued to Prutscher a Letter of Credit of 7,097,280 Austrian Shillings. This figure was increased to 10,915,859 Shillings by an amendation dated June 15, 1974, to which Fidelity later consented.

The Letter of Credit provided that a full set of bills of lading must be presented to Banque Med as a condition precedent to the availability of funds under the Letter of Credit. The Letter of Credit also contained a prohibition against partial shipments and specified July 6, 1974 as the latest date for shipment of the furniture. The Letter became payable 150 days after the date of the shipment.

Fidelity contends that the furniture was shipped from Trieste in three vessels, one of which sailed on July 11, 1974. Accordingly, Fidelity argues, since the Letter of Credit stipulated both that partial shipments were prohibited and that the latest date for the shipment was July 6, 1974, the bill of lading presented to Banque Med was false and

fraudulent in its certification. Prutscher does not dispute that the furniture was shipped in three vessels, but contends that the bill of lading was true because it was prepared after the entire lot of furniture had been loaded on one ship and before some of it was returned to the warehouse from which it was subsequently loaded onto two other ships.

On June 20, 1979, this Court issued a Letter Rogatory to the Court of Appeals of Trieste, Italy to complete discovery on the alleged forgery of the bill of lading. Evidence developed in Italy establishes that, contrary to Prutscher's assertions, a substantial portion of the furniture was never loaded on the first ship to leave Trieste, the M.S. IRENE STAR. In fact, it establishes that much of the furniture was stored in Warehouse 23 of the Autonomous Entity of the Port of Trieste on the very day on which the bill of lading states that it was loaded on ship.

The evidence further establishes that Prutscher appointed Braun Intern. Spedition G.m.b.H. ("Braun") as its agent to arrange for the transportation of the laboratory furniture. Braun thereupon retained as an additional agent the freight forwarding firm of Francesco Parisi ("Parisi"). Either Braun or Parisi retained the shipping firm of Navigazione E. Sperco.

The evidence obtained in Italy shows that the M.S. IRENE STAR departed from Trieste on July 4, 1974, carrying 174 pallets of furniture; the M.S. FENKO departed on July 6, carrying 53 pallets; and the M.C. BRIGITTA sailed on July 12, carrying 56 pallets.

. . . . .

■ A bank which has confirmed a letter of credit is not required to honor a draft presented thereunder if the bank receives information that a bill of lading required by the letter is forged or fraudulent and that the presenter is the original beneficiary or is otherwise chargeable with participation in the alleged fraud. *Old Colony Trust Co. v. Lawyers' Title and Trust Co.*, 297 F. 152 (2d Cir. 1924), *cert. denied*, 265 U.S. 585, 44 S.Ct. 459, 68 L.Ed. 1192 (1924); *Sztejn v. J.*

*Henry Schroder Banking Corp.*, 177 Misc. 719, 31 N.Y.S.2d 631 (Sup.Ct.N.Y.County 1941); *Merchants Corp. of America v. Chase Manhattan Bank*, 5 UCC Rep.Serv. 196 (Sup.Ct.N.Y.County 1968).

*Old Colony, supra*, presents a factual pattern substantially similar to that here under consideration. In that case, the Letter of Credit covered shipments of sugar and provided that drafts were to be drawn thereunder only upon presentation of invoices and warehouse receipts showing the "net landed weights" of the sugar. Since the sugar had not been officially weighed until four days after the invoices and receipts were tendered, the court concluded that in view of the falsity of the invoices submitted, there was a failure of compliance with the letter of credit. *See also Merchants Corp., supra*, in which the defendant bank had issued a letter of credit for payment against documents showing that certain goods had been placed on board named ships in Korea not later than a certain date. After the documents were presented for payment, preliminary investigation revealed that the named ships were at the Korean port for loading two weeks after the stipulated final date. The court noted that because it was doubtful that the beneficiary of the letter could in good faith claim compliance with the date fixed in the contract, an express condition of the letter of credit had not been observed.

■ As noted, evidence developed in Italy does not support the suggestion raised by Prutscher that all laboratory furniture was first loaded on a single vessel. Indeed, the evidence establishes that the furniture was carried by three vessels, one of which sailed after the stipulated date in the Letter of Credit. Accordingly, it seems there was no compliance with two express conditions of the Letter of Credit and the bill of lading submitted to establish such compliance was fraudulent.

Prutscher argues that because the Letter of Credit states that it is ". . . subject to the Uniform Customs and Practice for Documentary Credits" ("U.C.P."), the provi-

sions of the U.C.P. are binding on the parties. Prutscher points in particular to Article 8 of the U.C.P., which reads in part:

"If, upon receipt of the documents, the issuing bank considers that they appear on their face not to be in accordance with the terms and conditions of the credit, that bank must determine, on the basis of the documents alone, whether to claim that payment, acceptance, or negotiation was not effected in accordance with the terms and conditions of the credit."

Prutscher argues that Banque Med irrevocably exercised this option by filing a petition for waiver of attachment in the Beirut courts.

It seems clear, however, that UCC 5–114(2), and not the U.C.P., states the law concerning false and fraudulent documents in letter of credit transactions. No provision of the U.C.P. requires a confirming bank to make payment on a letter of credit when the terms of that letter have been violated by submission of forged or fraudulent documents. In *United Bank Limited v. Cambridge Sporting Goods Corp.*, 41 N.Y.2d 254, 392 N.Y.S.2d 265, 360 N.E.2d 943 (1976), the court reached this very conclusion:

"However, even if the Uniform Customs and Practice were deemed applicable to this case, it would not, in the absence of a conflict, abrogate the precode case law (now codified in Uniform Commercial Code, § 5–114) and that authority continues to govern even where article 5 is not controlling .... Moreover, the Uniform Customs and Practice provisions are not in conflict nor do they treat with the subject matter of section 5–114 which is dispositive of the subject matter presented on this appeal (citations omitted). Thus, we are of the opinion that the Uniform Customs and Practice, where applicable, does not bar the relief provided for in section 5–114 of the code."

*Cambridge Sporting Goods, supra*, 258 at n.2. See also Funk, "Letters of Credit: U.C.C. Article 5 and the Uniform Customs and Practice," 11 How.L.Rev. 88 (1965).

In view of these considerations and upon consideration of the facts, the Court finds that Prutscher has presented no evidence raising a triable issue of fact. Fidelity's motion for summary judgment is granted.

The foregoing constitutes the Court's findings of fact and conclusions of law. Fed.R.Civ.P. 52(a).

Settle judgment on notice.