**Klaus P. SCHMUESER and Ursula V. Schmueser, Plaintiffs–Appellants Cross–Appellees,**

v.

**The BURKBURNETT BANK, Defendant–Appellee Cross–Appellant.**

**No. 90–1795.**

United States Court of Appeals, Fifth Circuit.

Aug. 9, 1991.

Stephen R. Marsh, Clifford A. Bridwell, Wichita Falls, Tex., for plaintiffs-appellants cross-appellees.

K. Marvin Adams, H. Dustin Fillmore, Fillmore, Herrick & Harrington, Fort Worth, Tex., for defendant-appellee cross-appellant.

Before SMITH and DUHÉ, Circuit Judges, and SHAW *, Chief District Judge.

SHAW, Chief District Judge:

## OPINION

In 1985, Klaus P. Schmueser and Ursula V. Schmueser ("the Schmuesers") entered into a contract to sell their home to Clayton and Loretta Graef ("the Graefs"). Pursu-

---

* Chief District Judge of the Western District of Louisiana, sitting by designation.

ant to the contract, the Graefs executed a monthly installment note payable to the Schmuesers and furnished a one-year $20,000 irrevocable letter of credit as security against default. The letter of credit was issued by the Burkburnett Bank ("the Bank") on July 29, 1985.

Following Mr. Graef's death in December of 1985, Mr. Schmueser informed the Bank on several occasions that Mrs. Graef had failed to make timely payment on the note, and requested that the Bank encourage her to do so. Mrs. Graef's failure to pay continued, however, and on July 7, 1986, the Schmuesers made demand on the Bank for payment of $20,000 under the letter of credit.

When the Bank refused the demand, the Schmuesers brought a declaratory judgment action against the Bank in Texas state court. The state court ultimately entered judgment for the Schmuesers, and the Bank paid all amounts due on the letter of credit as determined by the state court.

The Schmuesers then sued the Bank in federal district court in 1987, asserting claims under Texas law for breach of a duty of good faith and violations of the Texas Deceptive Trade Practices and Consumer Protection Act ("DTPA"). In support of these claims, the Schmuesers alleged that the Bank, in an attempt to avoid liability on the letter of credit, took actions designed to mislead them as to Mrs. Graef's financial difficulties until the letter of credit expired.

At trial, the jury returned a verdict for the Schmuesers on both the breach of a duty of good faith claim and the DTPA claim, and awarded damages. The district court entered judgment on the breach of a duty of good faith claim, but granted the Bank's motion for judgment n.o.v., disallowing the jury's award for damage to credit and loss of profits as not being supported by sufficient evidence. The court ultimately declined to enter judgment on the jury's award of damages under the DTPA claim, concluding that the Schmuesers did not qualify as "consumers" within the meaning of the Act.

On appeal, the Schmuesers argue that the trial court erred (1) in not awarding damages under the DTPA as found by the jury, (2) in not awarding attorneys' fees under either the DTPA claim, the breach of a duty of good faith claim or as an element of punitive damages, and (3) in disallowing the jury's award for damage to credit and loss of profits under the breach of a duty of good faith claim. Additionally, the Schmuesers argue that we should now resolve a motion for sanctions raised by the Bank in the district court claiming that the motion was left unresolved by the district court.

On cross-appeal, the Bank argues that in denying, in part, the Bank's motion to disregard the jury's verdict and motion for judgment n.o.v., the district court erred in ruling (1) that the Schmuesers' cause of action was not barred under the doctrine of res judicata, and (2) that the Schmuesers had a valid cause of action for breach of a duty of good faith under Texas law.

### I.

The Schmuesers contend that the district court erred by holding that they had no valid claim under the DTPA because they did not qualify as "consumers" under the Act. This issue raises a question of law which we review *de novo*.

In order to recover under the DTPA, one must establish that he is a "consumer" as defined by the Act. *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 173 (Tex.1980). The DTPA defines a consumer as "an individual ... who seeks or acquires by purchase or lease, any goods or services." Tex.Bus. & Com.Code Ann. § 17.45(4) (Vernon 1987). A plaintiff's status as a consumer as defined by the Act turns on his relationship to a transaction, rather than by any contractual relationship with the defendant. *Kennedy v. Sale*, 689 S.W.2d 890, 893 (Tex.1985). Thus "[t]he only requirement is that the goods or services sought or acquired by the consumer form the basis of his complaint." *Id.*

However, the DTPA's use of the word "services" does not include the exten-

sion of credit or the borrowing of money. *Grass v. Credito Mexicano, S.A.*, 797 F.2d 220, 222 (5th Cir.1986). Rather, "services" are defined in the DTPA as "work, labor or service purchased or leased for use." Tex. Bus. & Com.Code Ann. § 17.45(2) (Vernon 1987). The term "services" in the DTPA context has been further defined by the Texas Supreme Court as: "action or use that furthers some end or purpose: conduct or performance that assists or benefits someone or something: deeds useful or instrumental toward some object." *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 174 (Tex.1980) (citing *Van Zandt v. Fort Worth Press*, 359 S.W.2d 893, 895 (Tex. 1962)). "This definition describes 'services' in terms of 'action,' 'conduct,' 'performance' and 'deeds'." *Riverside*, 603 S.W.2d at 174. "All these synonyms demonstrate that 'services' includes *an activity* on behalf of one party by another." *Id.* (emphasis in original).

■ While "a purchase of services—such as financial counseling—in connection with a purchase may provide a basis for DTPA liability," *Credito Mexicano*, 797 F.2d at 222, a gratuitous act is not a purchase of services within the meaning of the Texas DTPA. *Longview Sav. & Loan Ass'n v. Nabours*, 673 S.W.2d 357, 362 (Tex.App.—Texarkana 1984, writ granted), *aff'd on other grounds*, 700 S.W.2d 901 (Tex.1985).

The Schmuesers argue that the Bank provided "services" by encouraging Mrs. Graef to pay on the note and by lending money to Mrs. Graef so that she could pay the note. We disagree. The Bank's actions in that regard were, at best, gratuitous or merely self-serving, and undertaken only in an attempt to avoid its own liability on the letter of credit. Because such actions do not constitute "services" as contemplated by the DTPA, the Schmuesers are not "consumers" as defined by the Act. Accordingly, they have no valid cause of action under the Act. The district court therefore did not err by declining to award damages to the Schmuesers on the DTPA claim.

## II.

■ Turning now to the issue of attorneys' fees, the Schmuesers contend that the district court erred by refusing to award attorneys' fees in connection with the DTPA claim. Our holding that the Schmuesers had no valid claim under the DTPA, however, renders that issue moot.

The Schmuesers further contend, however, that the district court erred in not awarding attorneys' fees under the breach of a duty of good faith claim. This issue, too, raises a question of law which we review *de novo*.

The Schmuesers asserted their claim for breach of a duty of good faith under § 1.203 of the Texas Business and Commercial Code ("UCC"), which provides, in part, that "[e]very contract or duty within [the UCC] imposes an obligation of good faith in its performance or enforcement." Tex.Bus. & Comm.Code Ann. § 1.203 (Vernon 1968). In connection with that claim, they argue entitlement to attorneys' fees pursuant to Tex.Civ.Prac. & Rem.Code Ann. § 38.001(8) (Vernon 1986), which provides for attorneys' fees if the underlying claim is for breach of contract.

Under Texas law, however, "... a breach of the duty of good faith and fair dealing will give rise to a cause of action in tort that is separate from any cause of action for breach of the underlying ... contract." *Viles v. Security Nat'l Ins. Co.*, 788 S.W.2d 566, 568 (Tex.1990). Attorneys' fees cannot be recovered in Texas tort actions except as part of a punitive damages award. *See*, 16 Tex.Jur.3d *Costs* § 39 (1981); *Fitz v. Toungate*, 419 S.W.2d 708, 710 (Tex.Civ.App.—Austin 1967, writ ref'd n.r.e.).

Pursuant to the state court declaratory judgment action, the Bank had already extinguished any contractual claim on the letter of credit upon satisfaction of the state court judgment before the Schmuesers initiated this action in federal court. The Schmuesers' breach of a duty of good faith claim, therefore, necessarily sounds *only* in tort. As such, that claim cannot support an award of attorneys' fees except, perhaps, as part of a punitive damages

**1030**

award. We therefore find no error in the district court's conclusion that the Schmuesers are not entitled to attorneys' fees pursuant to their breach of a duty of good faith claim under Tex.Civ.Prac. & Rem.Code Ann. § 38.001(8).

The Schmuesers next maintain that they are nevertheless entitled to attorneys' fees as a component of the punitive damages awarded by the jury on their breach of a duty of good faith claim. However, the Schmuesers did not pray for attorneys' fees as part of punitive damages; rather, they prayed for attorneys' fees in addition to punitive damages. As such, the Schmuesers were not entitled to an award of attorneys' fees as a part of the punitive damage award. *See, Fitz v. Toungate*, 419 S.W.2d 708, 710 (Tex.Civ.App.—Austin 1967, writ ref'd. n.r.e.). Therefore, we find no error in the court's denial of attorneys' fees as a part of punitive damages.

### III.

The Schmuesers next argue that the trial court erred in disallowing the jury's award for damage to credit and loss of profits in connection with the breach of a duty of good faith claim. The district court granted the Bank's motion for judgment n.o.v. in part, holding that the Schmuesers presented insufficient evidence at trial to support such an award.

In evaluating the sufficiency of evidence to sustain a jury verdict, we determine if substantial evidence supports the verdict. *See, Boeing Company v. Shipman*, 411 F.2d 365, 374–75 (5th Cir.1969). At trial, a plaintiff must prove the amount of his damages with reasonable certainty. *Midland Valley Plaza, Inc. v. Georgia R.R. Bank & Trust*, 542 F.2d 945 (5th Cir.1976). Additionally, a plaintiff must prove that the damages alleged were a reasonably foreseeable result of the wrong-doing in question. *Nixon v. Mr. Property Management*, 690 S.W.2d 546 (Tex.1985), *rev'd on other grounds*, 716 S.W.2d 509 (Tex.Cr.App.1986). If the record contains insufficient evidence to support an award of damages, then judgment n.o.v. may be granted as to those damages not supported

by the evidence. *Silor v. Romero*, 868 F.2d 1419, 1422 (5th Cir.1989).

Upon review of the record, we conclude that the jury's award for damage to credit and loss of profits was not supported by substantial evidence. At trial, the jury was presented with a summary of the Schmuesers' alleged damage to credit and loss of profits.

These damages, the Schmuesers allege, were caused by Mr. Schmueser's inability to fulfill an unrelated obligation to pay another bank with the proceeds from the letter of credit. This, in turn, allegedly destroyed Mr. Schmueser's relationship of trust with that bank, and destroyed his ability to raise the funds needed to sustain other business ventures.

Upon review of the trial record, we conclude that the jury's award of damages for loss of credit and loss of profits was not supported by substantial evidence. We therefore agree with the district court that "[t]he damages are in fact an attempt by Plaintiffs to recover from the Bank for any and all wrongs that have ever befallen them subsequent to their business dealings with the Defendant...." Accordingly, we find no error in the district court's granting of the Bank's motion for judgment n.o.v., declining to enter judgment on these elements of damage.

### IV.

Finally, the Schmuesers argue that we should now resolve a motion for sanctions urged by the Bank in its motion for judgment n.o.v. because the district court did not expressly grant or deny the motion for sanction. When reviewing a court's ruling on Fed.R.Civ.P. 11 sanctions, we determine whether the district court abused its discretion.

All claims that are not disposed of in a judgment are considered to have been rejected by the trial court. *See*, 49 C.J.S. Judgments § 436, p. 865; *Johnson v. McDole*, 394 F.Supp. 1197, 1203 (W.D.La. 1975). As the district court's judgment was silent with regard to the Bank's motion for sanctions, we treat the motion as

having been denied. A review of the record gives no indication that the district court abused its discretion in denying the Bank's motion for sanctions. We therefore affirm the district court on this issue.

## V.

On cross-appeal, the Bank first argues that the district court erred in ruling that the Schmuesers' cause of action was not barred under the doctrine of res judicata. We review this issue of law *de novo*.

When applying the doctrine of res judicata we look to the effect that a Texas state court would give to a prior Texas state court judgment. *See, Miller Brewing Co. v. Fort Worth Distributing Co.*, 781 F.2d 494, 498 n. 7 (5th Cir.1986).

Under Texas law:

[A]n existing final judgment rendered upon the merits by a court of competent jurisdiction upon a matter within its jurisdiction is conclusive of the rights of the parties in all other actions on the points at issue and adjudicated in the first suit. Further, the rule of res judicata in Texas bars litigation of all issues connected with a cause of action or defense which, with the use of diligence, might have been tried in a former action as well as those which were actually tried.

*Abbott Laboratories v. Gravis*, 470 S.W.2d 639, 642 (Tex.1971).

Two lawsuits, however, involve "different causes of action" for res judicata purposes when the theories of recovery, the operative facts, and the measure of recovery differ. *Flores v. Edinburg Consol. Independent School Dist.*, 741 F.2d 773, 779 (5th Cir.1984) (citing *Dobbs v. Navarro*, 506 S.W.2d 671, 673 (Tex.Civ.App. 1974)).

In other words:

... issues of fact actually litigated and determined in one suit are barred in all later suits, whether or not the later suit arises from the same cause of action; only when the subsequent suit is on a

different cause of action will those issues which have not been actually litigated and determined not be barred. If the subsequent suit is not on a different cause of action, even issues not actually litigated in the prior suit will be barred.

*Id.*, at 778. (citing *Griffin v. Holiday Inns of America*, 496 S.W.2d 535 (Tex. 1973)).

The Schmuesers, in the state court declaratory judgment action asserted a different cause of action than that which they later raised in federal court. The actions differ in their respective theories of recovery—the state court action sounding in contract, the federal court action sounding in tort.[1] Additionally, the two actions differ in their operative facts. The state court action required nothing more than a showing that the conditions contained in the letter of credit were satisfied, yet the Bank refused to pay. The breach of a duty of good faith claim asserted in federal court on the other hand, required proof that the Bank engaged in unfair or dishonest conduct involving the letter of credit. *See*, Tex.Bus. & Com.Code Ann. § 1.201(19) (Vernon 1986). Finally, the two actions differ in their measure of recovery. The declaratory judgment action simply declared the Bank's liability to the Schmuesers under the terms of the letter of credit. But in the breach of a duty of good faith claim the Schmuesers prayed for damages caused by the Bank's breach which were neither sought nor awarded in the declaratory judgment action. Thus, the Schmuesers' actions for declaratory judgment and breach of a duty of good faith constitute "different causes of action" under the Texas doctrine of res judicata. Accordingly, the district court was correct in holding that their claim for breach of a duty of good faith was not barred.

## VI.

Finally, the Bank argues on cross-appeal that the Schmuesers had no valid

---

**1.** *See, Viles v. Security Nat'l Ins. Co.*, 788 S.W.2d 566, 568 (Tex.1990), which states that a claim for breach of a duty of good faith claim is a tort claim "that is separate from any cause of action for breach of the underlying contract."

claim for breach of a duty of good faith because such a claim requires a "special relationship" which is absent between the Bank and the Schmuesers. Thus, the Bank contends that the district court erred in overruling its motion for judgment n.o.v. on that issue. This issue raises a question of law which we review *de novo.*

The Schmuesers asserted their claim for breach of a duty of good faith under section 1.203 of the UCC, which states: *"Every contract* or duty within this title imposes an obligation of good faith in its performance or enforcement." Tex.Bus. & Com.Code Ann. § 1.203 (Vernon 1968) (emphasis the court's). Thus, while the common law duty of good faith requires that a "special relationship" exist between the parties, *See, FDIC v. Coleman,* 795 S.W.2d 706, 708–709 (Tex.1990), such a relationship is not a prerequisite to a cause of action under section 1.203.

 The Bank further argues that section 1.203 does not apply to letters of credit. This argument, too, must fail. Initially, we note that the parties had stipulated before trial that the Bank owed the Schmuesers a duty of good faith under section 1.203. Furthermore, section 1.203 expressly applies to "[e]very contract or duty within this title ...", and letters of credit fall within Title 1 of the Texas Business and Commercial Code. Finally, at least one Texas court has indicated that the duty of good faith imposed by section 1.203 applies to letters of credit. *See, Travis Bank & Trust v. State,* 660 S.W.2d 851, 852 n. 1 (Tex.App.—Austin, *no writ* 1983). We therefore find no error in the district court's overruling the Bank's motion for judgment n.o.v. on the breach of a duty of good faith claim.

Finding no error, we affirm the district court on all issues raised on appeal and cross-appeal.