**FLEET BANK OF MAINE, Plaintiff,**

**and**

**Federal Deposit Insurance Corporation, Plaintiff and Counterclaim Defendant,**

**v.**

**John D. DRUCE, Charlotte Druce, SPI Liquidating Trust, County Enterprises, Inc., Ruth Zollinger, John Dix Druce, Jr., Robert Zollinger, Raymond Zollinger, George Zollinger, Jennifer Druce, Defendants and Counterclaim Plaintiffs.**

Civ. No. 91–0053–B–C.

United States District Court,
D. Maine.

April 28, 1992.

Jerrol A. Crouter, Drummond, Woodsum, Plimpton & MacMahon, Portland, Me., for Fleet Bank.

Jeffrey M. White, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, Me., for SPI Liquidating.

George F. Burns, Amerling & Burns, Portland, Me., for Zollinger.

John N. Kelly, Kelly, Remmel & Zimmerman, Portland, Me., for Druce.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

GENE CARTER, Chief Judge.

After full consideration of the written submissions on Defendants' Motion for Partial Summary Judgment in the above-entitled matter,[1] it is hereby ORDERED that said motion be DENIED as to Counts III, V, and VI of the Complaint, the Court

---

1. Defendants' Motion for Partial Summary Judgment did not include Counts I and IX. The

Zollinger Defendants originally sought summary judgment or severance with respect to

FINDING that a genuine issue of material fact exists on the record made on the motion, which is appropriate for resolution by the factfinder; that is, whether the alleged fraud committed by Defendants Druce, if true, falls within an exception to the independence principle, which is "fraud in the transaction" under 11 M.R.S.A. section 5-114(2).[2]

For similar reasons, it is FURTHER ORDERED that said Motion be DENIED as to Defendants' Counterclaim.

Under Count IV,[3] Defendants argue that, because of the importance of the independence principle, the Court should not find that a breach of their duty of good faith provides an independent justification for Fleet Bank's dishonor of the Letter of Credit. *See* Memorandum of Law in Support of Motion of the Druce Defendants, SPI Liquidating Trust and County Enterprises, Inc. for Partial Summary Judgment ("Defendants' Memorandum") at 48–49. They further argue that any such justification would represent an additional exception grafted onto section 5–114 under the Code. Defendants seek summary judgment on Count IV and conclude that the Court should find as a matter of law that letters of credit are not subject to the good-faith requirement under the Code. *Id.*

The Court disagrees. The Maine Uniform Commercial Code, which clearly applies here, provides that "[e]very contract or duty within this Title imposes an obligation of good faith in its performance or enforcement." 11 M.R.S.A. § 1–203. *See*

*also Triple–A Baseball Club Associates v. Northeastern Baseball, Inc.*, 832 F.2d 214, 219 (1st Cir.1987), *cert. denied*, 485 U.S. 935, 108 S.Ct. 1111, 99 L.Ed.2d 272 (1988); *Reid v. Key Bank of Southern Maine, Inc.*, 821 F.2d 9, 12 (1st Cir.1987). Some courts have held that letters of credit are subject to this good-faith requirement. *See, e.g., Schmueser v. Burkburnett Bank*, 937 F.2d 1025, 1032 (5th Cir.1991) ("[Good faith provision of UCC] expressly applies to '[e]very contract or duty within this title ...', and letters of credit fall within Title 1 of the Texas Business and Commercial Code."); *Esso Petroleum Canada, Div. of Imperial Oil, Ltd. v. Security Pacific Bank*, 710 F.Supp. 275, 282 (D.Ore. 1989) ("Under Oregon law, there is an obligation of good faith in the performance and enforcement of every contract.... Esso may recover actual damages under the letter of credit under breach of contract principles."); *Wyle v. Bank Melli of Tehran*, 577 F.Supp. 1148, 1162 (N.D.Cal.1983) ("A demand for payment under a guarantee against loss ... contains an implied representation that some legitimate, good faith claim underlies such a demand. This is inherent in the notion that all contracts contain an implied covenant of good faith and fair dealing."). *But see Ward Petroleum Corp. v. FDIC*, 903 F.2d 1297, 1300 (10th Cir.1990) ("Although the letter of credit is often loosely referred to as a contract between the issuer and the beneficiary, 'the relationship between the issuer and the beneficiary is statutory, not con-

---

Count IX, which is the only existing Count asserted against the Zollingers. On April 14, 1992, the Zollingers withdrew their Summary Judgment Motion on Count IX but reasserted their request for severance of this Count from the rest of the trial. The Court will address this request in a separate order.

**2.** The Court disagrees with Defendants' assertion that the Uniform Customs and Practice for Documentary Credits, 1983 Revision, ICC Publication No. 400 ("UCP") controls exclusively the Letter of Credit between Fleet Bank and the Druce Defendants. The Court finds that the UCP does not bar Fleet Bank from seeking relief under the Maine Uniform Commercial Code ("Code"), 11 M.R.S.A. § 5–114, in this case. *See, e.g., Harris Corp. v. National Iranian Radio & Television*, 691 F.2d 1344, 1354–55 n. 19 (11th

Cir.1982); *KMW International v. Chase Manhattan Bank, N.A.*, 606 F.2d 10, 15 n. 3 (2d Cir. 1979); *Larson v. First Interstate Bank, N.A.*, 603 F.Supp. 467, 469 (D.Ariz.1983); *Prutscher v. Fidelity International Bank*, 502 F.Supp. 535, 537 (S.D.N.Y.1980); *United Bank, Ltd. v. Cambridge Sporting Goods Corp.*, 41 N.Y.S. 254, 258 n. 2, 392 N.Y.S.2d 265, 269 n. 2, 360 N.E.2d 943, 947 n. 2 (1976).

**3.** Under Count IV, Fleet Bank alleges that the letter of credit constitutes a contract between MSB and the Druce Defendants, *see* Complaint, ¶ 68, and that Defendants owed the bank a duty to deal fairly and in good faith with regard to the Letter of Credit, *see id.*, ¶ 69. Fleet Bank concludes that Defendants breached that duty of good faith and fair dealing. *See id.*, ¶ 70.

tractual.'" (quoting *Arbest Construction Co. v. First National Bank & Trust Co.*, 777 F.2d 581, 583 (10th Cir.1985))); J. White & R. Summers, *Handbook of the Law Under the Uniform Commercial Code* § 18–2, at 711 (2d ed.1980).

Here, the Court finds that the letter of credit is a contract. *See* 11 M.R.S.A. § 5–114, Comment ("The letter of credit is essentially a contract between the issuer and the beneficiary...."). *See also Ground Air Transfer, Inc. v. Westates Airlines, Inc.*, 899 F.2d 1269, 1272 (1st Cir.1990). The Court further finds that the letter of credit, as a contract, is subject to the good-faith requirement of the Maine Uniform Commercial Code. Therefore, it is hereby ORDERED that Defendants' Motion for Partial Summary Judgment on Count IV be DENIED.

It is FURTHER ORDERED that, as to Counts II and VII, said Motion be granted because Plaintiffs and Defendants agree that summary judgment on those two counts in favor of Defendants is warranted.[4]

With respect to Count VIII, Defendants first argue that, pursuant to 13–A M.R.S.A. section 720(3)(A)–(C), Fleet Bank has no standing to sue because it is neither a shareholder, receiver, liquidator, trustee in bankruptcy nor creditor of Defendants. Defendants' Memorandum at 54. Defendants next argue that Fleet Bank's unasserted claims against Defendants at the time of Defendants' distribution of assets were not "reasonably ascertainable" debts under 13–A M.R.S.A. § 720(2)(C). *Id.* at 55. Lastly, Defendants argue that, even if Fleet Bank could establish that Defendant John Druce could have reasonably ascer-

tained liability to it, no evidence exists that either Charlotte Druce or John Dix Druce, Jr. could have ascertained such liability. *See* Reply Memorandum in Further Support of Defendants' Motion for Partial Summary Judgment ("Reply Memorandum") at 9.

With respect to Defendants' arguments regarding Count VIII, the Court first finds that it cannot conclude as a matter of law that Fleet Bank is not a creditor of Defendants under 13–A M.R.S.A. section 720(3)(C). In applying the common usage of the term "creditor,"[5] and in the absence of any case law that defines or interprets "creditor" under the Maine Act, the Court finds that Fleet Bank may be construed to be a creditor for purposes of this Act.

Second, the Court cannot conclude as a matter of law that Plaintiffs' unasserted claims against Defendants at the time of Defendants' distribution of assets were not "reasonably ascertainable debts" under the Maine Act. Moreover, in the absence of any case law defining or interpreting this statutory language, the Court finds that whether such claims were reasonably ascertainable debts is a matter of resolution for the factfinder.

Lastly, Defendants argue that Fleet Bank failed to allege in its Complaint any of the elements of an agency relationship among the named Defendant directors in Count VIII and they conclude that, therefore, the Court should grant summary judgment on behalf of at least Defendants Charlotte Druce and John Dix Druce. *See* Reply Memorandum at 9–11.

The Court agrees. According to Wright and Miller, "in a suit alleging liability for

---

**4.** *See* Objection of Plaintiff Fleet Bank of Maine and Counterclaim Defendant Federal Deposit Insurance Corporation as Receiver for Maine Savings Bank to Defendants' Motion for Summary Judgment at 1 ("The Bank and FDIC agree that summary judgment should be entered on Counts II and VII").

**5.** The Maine Business Corporation Act ("Act") itself does not specifically define the term "creditor." *See* 13–A M.R.S.A. § 102. A creditor is commonly defined as:

A person to whom a debt is owing by another person who is the 'debtor'.... One who has a right to require the fulfillment of an obli-

gation or contract.... One to whom money is due, and, in ordinary acceptation, has reference to financial or business transactions....

. . .

The word is susceptible of latitudinous construction. In its broad sense the word means one who has any legal liability upon a contract, express or implied.... in its narrow sense, the term is limited to one who holds a demand which is certain and liquidated. In statutes the term has various special meanings, dependent upon context, purpose of statute, etc.

*Black's Law Dictionary* 332 (5th ed.1979).

the act of an agent it is sufficient simply to assert the existence of an agency relationship without setting forth the contract of agency or details about the relationship in the pleadings, inasmuch as the terms of the agency are evidentiary in nature." 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1291 (1990). Here, Fleet Bank in its Complaint merely alleges that, pursuant to 13-A M.R.S.A. section 720(2)(C), Defendants "are jointly and severally liable as directors for all amounts distributed by SII to or for the account of its shareholders ..." Complaint, ¶ 83. None of the Complaint's factual allegations assert or support even the requisite bare existence of an agency relationship.[6] Therefore, in light of Fleet Bank's failure to allege the existence of an agency relationship among the named Defendant directors, Defendants' Motion for Partial Summary Judgment on Count VIII with respect to Defendants Charlotte Druce and John Dix Druce Jr. is hereby GRANTED. With respect to Defendant John Druce, however, said Motion is hereby DENIED.

Accordingly, it is hereby ORDERED that Defendants' Motion for Summary Judgment be, and it is hereby, DENIED in part and GRANTED in part as specifically stated above.

---

**6.** Unlike an employer-employee relationship, which implicitly states an agency relationship, no such implicit relationship exists among corporate directors. As the Restatement (Second) on Agency notes, "[n]either the board of directors nor an individual director of a business is, as such, an agent of the corporation or of its members." Restatement (Second) of Agency § 14C (1958). It further states:

> An individual director, as such, has still less resemblance to an agent than has the board as a body. He has no power of his own to act on the corporation's behalf, but only as one of the body of directors acting as a board. Even when he acts as a member of the board, he does not act as an agent, but as one of the group which supervises the activities of the corporation.... However, he may, and frequently will, be appointed an agent of the corporation. For example, the board may exercise its express or implied power to con-

fer authority upon him to act for the corporation.... In these cases, he is necessarily an agent, and normally a general agent, of the corporation, since he acts on its behalf and subject to its control exercised through the board of directors.

*Id.* The Maine Law Court has applied the Restatement (Second) of Agency in deciding issues pertaining to agency principles. *See, e.g., Szelenyi v. Morse, Payson & Noyes Insurance,* 594 A.2d 1092, 1094 (Me.1991); *McLain v. Training and Development Corp.,* 572 A.2d 494, 497–98 (Me.1990). Therefore, the Court finds the aforementioned Restatement (Second) of Agency section persuasive in concluding that it is insufficient for a complaint merely to assert that the corporate directors are jointly and severally liable as directors under Maine law without alleging an agency relationship among those directors.