# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

_____

No. 95-60293

_____

NATIONAL ASSOCIATION FOR THE ADVANCEMENT
OF COLORED PEOPLE, through its Mississippi State
Conference of Branches; ELIJAH WILSON; ROBERT LEFLORE,

Plaintiffs-Appellants,

versus

KIRK FORDICE, Governor of the State of Mississippi, in his
Official Capacity and as Member of the State of Mississippi State
Board of Election Commissioners; MIKE MOORE, Attorney
General of the State of Mississippi, in his Official Capacity and as
Member of the Mississippi State Board of Election Commissioners;
DICK MOLPUS, Secretary of State of the State of Mississippi, in
his Official Capacity and as Member of the State of Mississippi
State Board of Election Commissioners; THE STATE OF MISS-
ISSIPPI STATE BOARD OF ELECTION COMMISSIONERS;
MISSISSIPPI DEMOCRATIC PARTY EXECUTIVE COMMITTEE,

Defendants-Appellees,

and

MISSISSIPPI REPUBLICAN PARTY EXECUTIVE COMMITTEE,

Defendants.

Appeal from the United States District Court
For the Southern District of Mississippi
(3:92-CV-250)

December 23, 1996

Before POLITZ, Chief Judge, GOODWIN[*] and DUHÉ, Circuit Judges.

POLITZ, Chief Judge:[**]

The NAACP, Elijah Wilson, and Robert Leflore appeal an adverse summary judgment dismissing their challenge to Mississippi's method of electing state highway and public service commissioners from three districts which allegedly are gerrymandered so as to fragment minority voting strength. The NAACP was a plaintiff in a prior case which upheld the use of these same districts to elect nine supreme court justices. Concluding that the prior judgment bars the NAACP's present claim, we affirm the summary judgment against the NAACP. Finding that the prior litigation was not certified as a class action and that no party was in privity with or accountable to Wilson and Leflore, we hold that Wilson and Leflore are not precluded from litigating this cause, vacate the summary judgment against them, and remand for further proceedings.

---

[*]Circuit Judge of the Ninth Circuit, sitting by designation.

[**] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

<u>Background</u>

In April 1992 the NAACP and Wilson and Leflore, two black registered voters, instituted this action challenging, as a violation of the "results test" of section 2 of the Voting Rights Act,[1] the method of electing the three state highway commissioners and the three state public service commissioners.[2] The complaint alleged that the use of three white-majority districts from which each commissioner is elected at large impermissibly dilutes black voting strength. The complaint alleged that blacks constitute 35.56 percent of the population of Mississippi and 31.62 percent of the state's voting-age population, and that the black population is sufficiently concentrated geographically so that a black-majority district could be created. The districts for election of the commissioners are the districts for election of the nine justices of the state supreme court.

In July 1992 the method by which the justices are elected was upheld in **Magnolia Bar Ass'n v. Lee**.[3] On joint motion of the parties, the instant case was held in abeyance pending appeal of **Magnolia Bar**. After a panel of this court

---

[1] 42 U.S.C. §§ 1973 and 1973c.

[2] Election of highway commissioners is provided for in Miss. Code Ann. § 65-1-3. Election of public service commissioners is provided for in Miss. Code Ann. § 77-1-1.

[3] 793 F.Supp. 1386 (S.D.Miss. 1992).

affirmed the judgment in **Magnolia Bar**,[4] defendants-appellees herein filed a supplemental answer asserting defenses of claim and issue preclusion. The district court granted summary judgment for appellees, finding that the present case is barred by the doctrine of *res judicata*.

The **Magnolia Bar** Litigation

The **Magnolia Bar** plaintiffs alleged that the method of electing supreme court justices under the Mississippi Constitution and related statutes violated section 2 of the Voting Rights Act.[5] Three justices are elected at-large from each of three districts which divide the state, running east to west. The **Magnolia Bar** plaintiffs were the Magnolia Bar Association, the NAACP, the Rainbow Coalition, the Mississippi Association of Black Supervisors, the Mississippi Conference of Black Mayors, and four individual black registered voters. The plaintiffs sued the justices in addition to the same state officials named in the present action. As a remedy, the plaintiffs sought nine single-member districts.

The plaintiffs offered three theories of section 2 liability: (1) the multimember districts diluted black voting strength, (2) the east-west district lines

---

[4]**Magnolia Bar Ass'n v. Lee**, 994 F.2d 1143 (5th Cir.), cert. denied, 510 U.S. 994 (1993).

[5]**Magnolia Bar**, 793 F.Supp. 1386 (citing Miss. Const. art. 6 and Miss. Code Ann. §§ 9-1-103, 9-3-1, 23-15-849, 23-15-991, 23-15-993, 23-15-997).

fragmented black voting strength, and (3) a hybrid claim that the multimember districts and the east-to-west lines combined to minimize black voting strength.

The district court rejected all three theories and we affirmed,[6] holding that the test of **Thornburg v. Gingles**[7] was not satisfied because blacks would not constitute a majority of the voting-age population in any of the proposed north-to-south districts.

In the case at bar the district court found, in granting the summary judgment, that the same three districts which plaintiffs seek to reconfigure were the districts used to elect supreme court justices and that the claims now being advanced were or could have been resolved in **Magnolia Bar** and thus were barred by *res judicata*. The trial court found the prior action binding on the NAACP, as a plaintiff in both cases, and on Leflore and Wilson on the grounds that their interests were adequately represented by the NAACP in the earlier litigation.

<u>Analysis</u>

We review *de novo* both the grant of a summary judgment as well as the

---

[6]**Magnolia Bar**, 994 F.2d 1143.

[7] 478 U.S. 30 (1986).

dismissal of a case under the doctrine of *res judicata*.[8]  Under the doctrine of claim preclusion, a final judgment is binding on parties in subsequent lawsuits when the requirements of due process are met.[9]  An action is barred by *res judicata* if:  (1) the parties are identical in both actions; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) the prior judgment was final on the merits; and (4) the cases involve the same cause of action.[10]  The primary issue here is whether the parties are the same.

The due process clause guarantees that a person cannot be bound by a judgment in litigation to which he was not a party, or in privity to a party, and therefore did not have an opportunity to be heard.[11]  The NAACP was a plaintiff in both cases, and all of the defendants in the present matter were defendants in **Magnolia Bar**.  Thus, the identity-of-parties requirement is met as to the NAACP.

Leflore and Wilson, however, were not parties to the prior action.  Privity exists for preclusion purposes only in three narrowly defined circumstances: (1) the non-party is the successor in interest to a party's interest in property; (2) the

---

[8]**Travelers Ins. Co. v. St. Jude Hospital**, 37 F.3d 193 (5th Cir. 1994), cert. denied, 115 S.Ct. 1696 (1995); **Schmueser v. Burkburnett Bank**, 937 F.2d 1025 (5th Cir. 1991).

[9]**Allen v. McCurry**, 449 U.S. 90 (1980).

[10]**Travelers Ins. Co.**

[11]**Parklane Hosiery Co. v. Shore**, 439 U.S. 322 (1979).

non-party controlled the prior litigation; and (3) the non-party's interests were represented adequately by a party to the original action.[12]

There is no record evidence that either Leflore or Wilson had any control over the prior litigation. Thus, to bar Leflore and Wilson from litigating this cause, appellees must show that the interests of these individuals were adequately represented by a party to the **Magnolia Bar** litigation.

We have held that a non-party's interests were adequately represented for purposes of preclusion if he authorized a party to the prior litigation to represent his interests therein, or if he was represented as a member of a class in the original litigation.[13] We also have said that a non-party can be bound if a party to the original suit is "so closely aligned with [the non-party's] interests as to be [the non-party's] virtual representative."[14]

There is no record evidence that Leflore and Wilson authorized the NAACP to represent them in the prior litigation or that either is a member of the NAACP.[15]

---

[12]**Meza v. General Battery Corp.**, 908 F.2d 1262 (5th Cir. 1990).

[13]**Id.** (citing § 41 of Rest. (2d) of Judgments).

[14]**Aerojet-General Corp. v. Askew**, 511 F.2d 710, 719 (5th Cir.), cert. denied, 423 U.S. 908 (1975).

[15]The record contains an affidavit by Leflore attesting that he has never been a member of the NAACP. We note that the NAACP's participation in prior litigation would not necessarily bind its members to the result absent a showing that the NAACP was authorized

7

Further, **Magnolia Bar** was not certified as a class action.[16]  Therefore, the only way Leflore and Wilson can be prevented by the prior judgment from litigating the instant matter is if the NAACP was their virtual representative.

We have stated that the question of virtual representation must be kept within "strict confines."[17]  Among the strict confines is "a requirement that there be 'an express or implied legal relationship in which parties to the first suit are accountable to non-parties who file a subsequent suit raising identical issues.'"[18]  The district court found that the NAACP was the virtual representative of Leflore and Wilson in the prior litigation.  The court did not, however, find either an express or implied legal relationship between the NAACP and Leflore and Wilson.  Nor did the court find that Leflore and Wilson were members of the NAACP when

---

to represent them in the prior litigation.  See **International Union, United Automobile, Aerospace & Agricultural Implement Workers of America v. Brock**, 477 U.S. 274 (1986) (noting that associations with standing to sue on behalf of their members may not always be able to adequately represent their members' interests for *res judicata* purposes).

[16]The **Magnolia Bar** complaint alleged that it was brought as a class action on behalf of all present and future black citizens and registered voters in Mississippi.  Applying *res judicata* to bind members of a putative, uncertified class would viitate the due process protections of Fed.R.Civ.P. 23.  **United States v. East Baton Rouge Parish School Board**, 594 F.2d 56 (5th Cir. 1979).

[17]**Meza**, 908 F.2d at 1272 (quoting **Benson & Ford, Inc. v. Wanda Petroleum Co.**, 833 F.2d 1172, 1175 (5th Cir. 1987).

[18]**Id.**

8

the NAACP brought its suit. Furthermore, the record does not indicate that Leflore and Wilson consented to the NAACP's representation, or that the NAACP had a contractual duty to provide such representation. Finally, the trial court did not determine that the NAACP had a statutory obligation to represent Leflore and Wilson. Instead, the court based its conclusion that the NAACP was the virtual representative solely on a finding that the NAACP's interests in the prior litigation and those of Leflore and Wilson in the instant case are the same -- securing for black voters an equal opportunity to elect candidates of their choice. Appellees argue that the NAACP's Charter states that its purpose is to secure for black citizens "equality of rights" and "impartial suffrage," and that its prosecution of the **Magnolia Bar** case was done for the benefit of Leflore and Wilson.

We conclude that it is not sufficient that Leflore and Wilson are black citizens seeking equal voting rights and that the NAACP exists in part to secure equal voting rights for blacks. Many other organizations, of varying political temperaments and tactics, also have that goal. The <u>desire</u> of an organization to represent a group of people does not constitute <u>authority</u> to do so.[19] In the absence of authority and accountability, a plaintiff cannot bind an individual who wishes

---

[19]**Meza** (a union's desire to represent and intention to bind a non-party cannot substitute for consent or a specific grant of authority).

to assert his rights himself.[20]

**Magnolia Bar** was not a class action. Wilson and Leflore were not named plaintiffs nor were they plaintiffs under the doctrine of virtual representation. The district court erred in applying the strictures of *res judicata* to their claims. Accordingly, the adverse summary judgment as respects the claims of Wilson and Leflore must be vacated and the matter remanded. The judgment as against the NAACP must be affirmed.

The judgment appealed is in part AFFIRMED and in part VACATED and REMANDED for further proceedings consistent herewith.

---

[20]The doctrine of collateral estoppel (issue preclusion) also cannot bar Wilson and Leflore from litigating this action because collateral estoppel cannot be applied against a person who was neither a party to or in privity with a party to prior litigation which resolved a similar issue. **Parklane Hosiery**.