United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30120
Conference Calendar
_____

FREDDIE RAY LEWIS,

Plaintiff-Appellant,

versus

CHRIS SMITH, III; BOBBY HICKMAN; CITY OF LEESVILLE;
SYLVESTER DESMOND; WILLIE BANKS, JR.; HARRY JAMES;
SCOTT, Lieutenant; KENNETH NOBLE; JOHN J. BOLGER;
T. BOLTON; ROBERT ALLEN; DAVID GRIFFITH; GARY COOPER;
RANDY PRUITT,

Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:03-CV-699
- - - - - - - - - - -

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

In 2003, Freddie Ray Lewis, a Louisiana resident and a
former inmate at the Leesville (La.) City Jail ("Jail"), filed
this pro se, in forma pauperis complaint pursuant to 42 U.S.C.
§ 1983, alleging that he had been falsely imprisoned at the Jail
in 1996 and 1997. The district court granted the defendants'
motions to dismiss pursuant to FED. R. CIV. P. 12(b)(6),
concluding that Lewis's claims were barred by the res judicata
doctrine as the result of the judgment in favor of most of the
same defendants in Lewis's prior civil rights action, Lewis v.
Smith, No. 97-CV-1420 (W.D. La. Sept. 11, 2000), and that the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

claims were barred by the applicable one-year Louisiana limitations statute for personal injury actions.

All of Lewis's claims involving conditions of confinement are indeed barred by the res judicata doctrine, because the judgment in Lewis's prior civil rights action involved the same cause of action. See Schmeuser v. Burkburnett Bank, 937 F.2d 1025, 1031 (5th Cir. 1991); Nagle v. Lee, 807 F.2d 435, 439 (5th Cir. 1987). Lewis's claims, which accrued at the latest by 1997, were also barred by the one-year limitations provision applicable to Louisiana personal injury actions. See Owens v. Okure, 488 U.S. 235, 250 (1989); Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998). Finally, Lewis's false imprisonment claims are barred by the doctrine of Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). See Randell v. Johnson, 227 F.3d 300, 301 (5th Cir. 2000) (Heck doctrine applies to former prisoners). The district court did not err in granting the motions to dismiss. See Vulcan Materials Co. v. City of Tehuacana, 238 F.3d 382, 387 (5th Cir. 2001).

Lewis's appeal is without arguable merit, see Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983), and it is DISMISSED as frivolous. 5TH CIR. R. 42.2. Lewis is warned that any future frivolous filings will subject him to sanctions.

Lewis's motion urging this court to waive "corrections and additions" to his brief and to waive the record-excerpts requirement is DENIED as unnecessary.

APPEAL DISMISSED AS FRIVOLOUS; MOTION DENIED; SANCTION WARNING ISSUED.